Wood *v.* Hamilton.

---

MARGARET E. WOOD, Administratrix &c. of George J. Wood, Deceased, Respondent, *against* IDA M. HAMILTON, Appellant.

(Decided June 7th, 1886.)

One who, though domiciled in the state of New York, is living in another state, and has no place of abode in New York, nor any place which he could call his home, or to which he could return on coming into the state, is a non-resident of the state within the meaning of section 636 of the Code of Civil Procedure permitting an attachment. The intentions of such person as to the future cannot affect the question.

Wood *v.* Hamilton.

APPEALS from orders of the General Term of the City Court of New York affirming orders of that court denying motions to vacate attachments.

These were two attachments issued against the defendant as a non-resident of the state. The defendant was a married woman, and for many years prior to April, 1885, had lived with her husband in the city of New York, in a house owned by her. For nine years last passed she had been in the habit of going with her husband to a hotel kept by her mother at Asbury Park, New Jersey, and assisting in carrying on and managing such hotel during the summer season, returning to her house in New York City at the close of the season. She sold her house in April, 1885, removed therefrom, stored her furniture, and, with her husband, took rooms at a hotel and remained there until June, 1885, when she gave up such rooms and went to Asbury Park and was living there when the attachment was issued. It appeared from the affidavits of defendant that she intended to return to New York at the close of the summer season at Asbury Park.

*John T. McGowan*, for appellant.

*George W. Stephens*, for respondent.

PER CURIAM [Present ALLEN and BOOKSTAVER, JJ.].— The facts appearing on the record clearly show, in our opinion, that, at the time the attachments were issued, the defendant had no place of residence in the state of New York, and was a non-resident of this state, within the meaning of section 636 of the Code of Civil Procedure; and this, although her domicile may have been the state of New York, — on which the evidence is not conclusive. It is certain that, at the time of issuing the attachment, she had no place of abode within this state, nor any place which she could call her home, nor to which she could return on coming to this state. Her intentions as to the future do not affect the question.

The defendant at the time of granting the attachment was living in the state of New Jersey, and we think, was, at the time, a resident of that state, under *Mayor &c. of New York* v. *Genet* (4 Hun 487; affirmed, 63 N. Y. 646; *Wallace* v. *Cassel*, 68 N. Y. 370; *Murphy* v. *Baldwin*, 11 Abb. N. S. 407).

The orders must therefore be affirmed, with costs.

Orders affirmed, with costs.