ARNOLD *et al. v.* CHESEBROUGH.[1]

*(Circuit Court, E. D. New York.* December 13, 1887.)

PLEADING—AMENDMENT—CONDITIONS.

When it does not appear that plaintiff's situation has changed for the worse in consequence of defendant's delay in interposing a particular defense,—unless in proceeding to make proof of his case, which he might not have done had the defense been interposed originally,—a motion to amend the answer will be granted, but on payment of taxable costs to the time of the amendment.

In Equity. On motion to amend answer.

*Henry A. Rawcliffe,* (*John H. V. Arnold,* of counsel,) for complainants. *Bliss & Schley,* (*Walter S. Logan,* of counsel,) for defendant.

LACOMBE, J. The practice formerly prevailing in this state of examining into the meritoriousness or morality of defenses sought to be interposed by way of amendment to the answer is no longer valid. *Gilchrist* v. *Gilchrist,* 44 How. Pr. 317; *Sheldon* v. *Adams,* 41 Barb. 54; *Pike* v. *Bingham.* 11 Reporter 750. When law or equity recognizes a defense as proper to be interposed to the plaintiffs' claim, it should be treated upon a motion of this kind as entitled to the same consideration as any other defense. There is nothing upon the papers to show that plaintiffs' situation has changed for the worse in consequence of defendant's delay in interposing this defense, nor that, by reason of the lapse of time, she has lost the opportunity of presenting evidence to defeat the proposed defense which she might have secured had it been interposed when issue was joined. Nor does it appear that the final disposition of the case will be in any way delayed by the interposition of the defense at this stage of the trial. The plaintiff, however, has proceeded at great length to make proof of her case, which possibly she might not have done had this defense been interposed originally. The defendant's motion is therefore granted, upon payment of taxable cost to date, including the fees of examiners and stenographers, if any.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.