In the Matter of the Probate of PORTER's WILL.

*(Surrogate's Court, Westchester County, Filed January, 1893.)*

WILL—PROBATE—SERVICE OF CITATION ON NON-RESIDENTS.

Personal service of a citation on non-residents within the State thirty days before the return day is insufficient.

Petition for the probate of decedent's will. It appeared that two persons interested in the proceedings were non-residents of the State, and service of citation was ordered to be made either personally without the State or by publication. The service was made personally, however, within the State, thirty days before return day.

John F. Lambden, for petitioner.

COFFIN, S.—The question as to the proper service of the citation is jurisdictional. Section 2520 of the Code provides that, "except where special provision is otherwise made by law, service of a sitation within the State" must be made upon a person at least eight or fifteen days, according to the place of service, before the return day, personally, or by leaving a copy at his residence, etc. Sections 2522, 2524, direct the mode of service upon a non-resident of the State, which is by publication for six weeks, or at the option of the petitioner, by personal service, without the State, at least thirty days before the return day. This case then comes within the exception mentioned in section 2520, and renders a service of the citation in this manner under that section void. That section only prescribes the mode of service upon residents. The other sections, *supra,* prescribe the manner of service upon a non-resident of the State, and, as none

other is provided, unless so served, the court fails to obtain jurisdiction of the person. The object of the statute is undoubtedly afford the person served time to make his arrangements to attend on the return day. It is his right, and, residing out of the State, if personal service be made upon him within the State eight, fifteen or thirty days before the return day, it is a failure to comply with the statute, as well as the order directing the mode of service. Had the petitioner here filed admissions of due service by these non-residents, or had they appeared in person, making no objection, or had a duly executed and acknowledged waiver of the issuing and service of the citation upon them been presented within the petition, and the fact stated therein, the difficulty would have been obviated. In the latter case there would have been no necessity for an order of service by publication. As there must be proof of due service of the citation upon all of the persons entitled thereto, or such service be obviated in one of the modes indicated above before the examination of the subscribing witnesses can be proceeded with, this matter must stand over until all of the parties are properly before the court.