PETER HART, Respondent, *v.* ISAAC L. KIP, Appellant.

*Statute of Limitations — meaning of "resides without the State" in Code, § 401 — "residence" distinguished from "domicile."*

The provision of the Statute of Limitations (Code Civ. Proc. § 401) that if, after a cause of action has accrued against the person, he departs from and resides without the State, and remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action, applies when the person has departed from and has lived out of the State and remained continuously absent therefrom for a year or more, although his legal domicile during that time may have been in the State of New York.

APPEAL by the defendant, Isaac L. Kip, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the

clerk of the city and county of New York on the 26th day of July, 1893, upon the report of a referee.

*I. L. Miller,* for the appellant.

*J. R. Farrar,* for the respondent.

Van Brunt, P. J.:

An examination of this record leads us to the conclusion that it is more remarkable for its omissions than for its contents.

This action was brought to recover for services alleged to have been performed by the plaintiff as janitor of premises No. 110 West Fortieth street, in the city of New York, upon the employment of the plaintiff from the 1st day of May, 1879, until the 1st day of March, 1890.

The defendant by his answer denied upon information and belief any contract of employment. The evidence showed that from the 1st of May, 1879, up to March, 1890, the plaintiff had occupied apartments in the premises No. 110 West Fortieth street without paying any rent therefor so far as the record shows, and that he certainly occupied such premises and acted as janitor thereof from May, 1879, to the 1st of January, 1880, and that in December, 1879, and January, 1880, the defendant paid him for his services as such janitor, notwithstanding the fact that he had no knowledge or information sufficient to form a belief that he had ever been employed there as janitor.

There is no evidence whatever that after the payments made in January, 1880, the employment of the plaintiff as such janitor was terminated. But the evidence of the plaintiff shows that he continued to occupy the premises which he had occupied when he was janitor, and which were a part of his compensation for his services performed as janitor, up to March, 1890, and that he performed the duties of janitor in such building.

The defendant claimed upon the hearing that from the 1st of January, 1880, the plaintiff ceased to act as janitor, but the case is absolutely barren of evidence as to any other person having occupied that position or performed the duties thereof during this period of time; and there is no contradiction whatever of the statement upon the part of the plaintiff that he performed those duties, or caused

them to be performed when he was personally unable to do the same. It further appears that the defendant visited the premises upon several occasions during the period in controversy. The plaintiff was there and there is no pretense that he paid any rent or that any rent was demanded of him, and all that the defendant states in opposition to the sworn statement of the plaintiff is that from the 1st of January, 1880, Hart rendered no services to his knowledge.

It is true that there was some evidence tending to show that in February, 1880, the defendant paid Mrs. Hart some money; and also that in January, 1886, he paid her an additional sum. But the only evidence connecting the plaintiff with the sum paid in 1886 was the fact that his indorsement appears upon the check under that of Mrs. Hart. And we find no evidence in the record showing upon what account these payments were made. There seems to be no reason, therefore, for disturbing the referee's conclusion that this employment continued as found by him.

It is urged, however, that the referee did not make the proper application in respect to the Statute of Limitations. Although a cause of action was proved from the 1st of January, 1880, the referee held as matter of law that the plaintiff could not recover for services rendered prior to August, 1884, the Statute of Limitations having been pleaded by the defendant. This action was commenced on the 17th of February, 1893; and it is conceded that the defendant departed from this State on the 28th of May, 1890, and remained continuously absent therefrom until the 23d of November, 1892; and the referee found that he resided during such period out of the State. But it is urged, because during this period the defendant had a house and office within the city of New York, that, therefore, this finding cannot be sustained. But we think that the learned counsel for the appellant confuses the terms domicile and residence. A person may temporarily reside out of the State while domiciled within the State. And it is clear from the language of the Code as it now obtains, that where a person is absent from the State for more than a year, he is to be considered as residing out of the State within the term as used in the Statute of Limitations.

It seems to us that the same interpretation as to the residence in the Statute of Limitations must be given as obtained in the case of *Hanover Bank* v. *Stebbins* (69 Hun, 309) where such word was

interpreted as used in section 636 of the Code to mean the abode or place where one actually lives and not where he is legally domiciled.

The Statute of Limitations provides that if after a cause of action has accrued against a person, he departs from and resides without the State and remains continuously absent therefrom for one year or more, the time of his absence is not a part of the time limited for the commencement of the action. In the case at bar the defendant departed from the State, lived without the State, and remained continuously absent therefrom for more than a year, and consequently he resided out of the State within the meaning of the statute.

The judgment appealed from should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.