(6 Misc. Rep. 293.)

## WALTON v. CHADWICK.

(Superior Court of New York City, General Term. December 23, 1893.)

ATTACHMENT—MOTION TO VACATE.

An attachment will not be vacated where the papers on which it was granted are sufficient, and the evidence given in support of it is fairly preponderating.

Appeal from special term.

Action by Alfred Walton against Helen E. Chadwick. From an order denying a motion to vacate the attachment, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, J.

C. Bainbridge Smith, for appellant.

Friend & House, (F. B. House, of counsel,) for respondent.

GILDERSLEEVE, J. This is an appeal from an order denying defendant's motion to vacate an attachment. The action is brought to recover the sum of $1,133.33, which the plaintiff loaned to the defendant, and which the defendant agreed to repay, with interest. 60 days after date of the loan, which time had expired before the commencement of the action, and payment of said loan was duly demanded, and refused. The answer of defendant sets up the defense of usury. The warrant of attachment was granted upon the complaint, and the affidavits of the plaintiff and Pierre C. Talman, a practicing lawyer of this city. The plaintiff also submitted affidavits of several other people. The papers offered by plaintiff show a good cause of action, as well as legal grounds for an attachment. The defendant submitted affidavits denying the allegations of fact contained in plaintiff's affidavits, with regard to the statutory grounds of the attachment, i. e. that "defendant had assigned, disposed of, and secreted, and was about to assign, dispose of, and secrete, her property, with the intent to defraud her creditors," etc., and disputing the plaintiff's cause of action. This raised certain issues of fact, which, so far as they concerned the statutory grounds of the attachment, were determined, on the application to vacate the attachment, in favor of the plaintiff, and the attachment was upheld. The general term is not disposed to reverse this determination. While it is true that where the facts are undisputed, and the legal conclusions certain, it would be oppressive to uphold an attachment which is clearly without foundation, still, where the allegations of plaintiff's affidavits dispute the affidavits furnished on the

part of the defendant, and the papers upon which the attachment was granted are sufficient, and the evidence of plaintiff is fairly preponderating, the attachment should be upheld. A careful examination of the opposing affidavits and papers in this case leads us to the conclusion that the evidence offered by the plaintiff, as to the statutory grounds of the attachment, is sufficiently preponderating to warrant the upholding of the attachment. In so far as the papers on this appeal call into issue the merits of the cause of action itself, the general term is not here called upon to express an opinion. The court could scarcely undertake to try the merits of an action upon an application to vacate an attachment. The rule is well settled that ordinarily the court will not, upon motion, try questions regarding the cause of action, which should properly be left for determination upon the trial. See Lowenstein v. Salinger, (Sup.) 17 N. Y. Supp. 70; Brown v. Wigton, (Sup.) 18 N. Y. Supp. 490. The only question to be determined upon this appeal is whether the plaintiff has sufficiently established the statutory grounds for the attachment, in view of the denials and allegations of the defendant's affidavits. This we think he has done, and we are therefore of opinion that the order appealed from must be affirmed, with $10 costs and disbursements.