---

(12 Misc. Rep. 242.)

### In re WASHBURN'S WILL.

(Surrogate's Court, Westchester County. April, 1895.)

CITATION IN SURROGATE'S COURT—TIME OF SERVICE.

> Code Civ. Proc. § 2520, which provides that a citation must be served within the county of the surrogate or an adjoining county at least 8 days before the return day, or in any other county at least 15 days before the return day, authorizes personal service on a nonresident within the state. In re Porter's Will (Surr.) 22 N. Y. Supp. 1063, disapproved.

Application for the issuance of a citation in a proceeding for the probate of the will of Robert F. Washburn, deceased.

Samuel Watson, for petitioner.

SILKMAN, S. Application is made for the issuance of a citation to Henrietta Lyon and Joshua B. Washburn, who are nonresidents of the state, returnable upon a day certain within the period necessary for the service of the same without the state. Affidavit is made by the petitioner to the fact that service can be made within the state. It would seem unnecessary for me to indicate my views in writing, were it not for the practice which has previously prevailed in this court; that is, not to make citations returnable in less time than it would be necessary to serve by publication, where it appears that some of the parties are nonresidents, and then only accompanied by an order of publication. See opinion in Re Porter, 1 Misc. Rep. 489, 22 N. Y. Supp. 1063. It is provided by section 2520 of the Code of Civil Procedure how citations shall be served within the state. After declaring what the manner of service shall be, the sections reads: "A citation must be so served within the county of the surrogate, or an adjoining county, at least eight days before the return day thereof; if in any other county, at least fifteen days before the return day." Nowhere in the section do we find that such service shall be made only upon residents of the state, and it would seem that, if there is no other section qualifying the one cited, the jurisdiction of the surrogate is complete over any person or corporation sought to be brought into court by such service, irrespective of the question of residence, when the service is made within the state either eight or fifteen days prior to the return day, as the case may be. I find none. The only other sections which seem to affect the question are sections 2522, 2524 and 2525. The former provides that "the surrogate from whose court a citation is issued may make an order directing the service thereof without the state or by publication in either of the following cases"; and then the cases are

enumerated, one of which is, "where it is to be served upon a foreign corporation, or upon a person who is not a resident of the state." Section 2524 provides that the party applying for the order must produce proof, by affidavit or otherwise, to the satisfaction of the surrogate, that the case is one specified in the previous sections, and then provides what the order shall contain. Section 2525 fixes the time for service without the state, and for mailing pursuant to an order. The only substantial difference between the provisions for the service of a summons and those for the service of a citation by publication, or without the state, is that to obtain an order for the publication of a summons it must be shown that the summons cannot, with due diligence, be served within the state, which in the case of the citation is not required, it being sufficient to show the fact of nonresidence. The policy of the law is constantly tending towards uniformity and harmony in its forms and practice. It would be absurd to claim that a summons could not be served within the state upon a nonresident, even after an order of publication had been made, and, unless there is something in the statute showing a contrary intent, the proposition must be equally untenable as applied to a citation. It will be seen that the surrogate is not directed to make an order of publication; the word "may" cannot be construed as used otherwise than as a permission, and then again it appears that the order must be applied for, which emphasizes the fact that the issuance of the citation and an order of publication for service without the state do not necessarily go together. The citation must be issued upon the presentation of a proper petition; the order may be granted upon an application. It is important also to note that the law does not require the petition upon which the surrogate must act to state the residence of the persons to be cited; the place of residence may not be ascertained until after the return day has been fixed. I see no escape from the conclusion that the return day of the citation is wholly unimportant as respects the jurisdiction of the surrogate, provided it is not less than eight days nor more than four months after its date, and the fixing of such return day is a matter to be arranged according to the convenience of the surrogate and the petitioner. The practice of this court will hereafter be in accordance with these views. Ordered accordingly.