### SALISBURY v. BENNETT.

#### (Circuit Court, S. D. New York. March 10, 1896.)

**1. PRACTICE—LEAVE TO INTERPOSE DEFENSE—DISCRETION.**

When application is made to the favor of a court, for leave to interpose a defense, and the application is one resting in discretion, all the circumstances of the case will be considered, and care taken not to sanction any such abuse of procedure as would shock the conscience.

**2. SAME—STATUTE OF LIMITATIONS.**

On November 17, 1892, defendant, the proprietor of a newspaper, published an article claimed by plaintiff to be a libel upon him. The limitation fixed by the local statute for actions for libel was two years. More than five months before the expiration of such period, plaintiff delivered a summons in an action for libel to the United States marshal, for service, but the marshal was unable to make service, because the defendant had previously left the United States, and continued to sojourn abroad, though maintaining his domicile and legal residence within the state. The local statutes provided no means by which an effectual service, other than personal service, could be made. The defendant continued to sojourn abroad until after the expiration of the period of limitation, but after the passage of an amendment to the local statute, permitting attachments in actions for libel, he voluntarily appeared in the action, and answered, but did not plead the statute of limitations, for the reason that under the prevailing interpretation of the statute, his counsel supposed that the period of his sojourn abroad would not be counted as part of the period of limitation, though his residence continued within the state. A decision of the state court of last resort having given a contrary interpretation to the statute, defendant applied for leave to amend his answer by setting up the statute. *Held* that, even if the state court's interpretation of the statute should be adopted by the federal court, it would be so grossly inequitable to permit defendant so to defeat the plaintiff's action that his application for relief to amend should, in the exercise of discretion, be denied.

Taylor, Thompson & Kaufman, for plaintiff.
John Townshend, for defendant.

LACOMBE, Circuit Judge. This is a motion for leave to amend the answer by setting up the statute of limitations. The action is for libel, and the limitation is two years. Code Civ. Proc. N. Y. § 384. The defense was not interposed when the answer was served, for the reason that, under the decisions of the state courts

as they then stood, defendant's counsel assumed that it was a defense which he could not establish. The recent decision of the state court of appeals in Hart v. Kip, 148 N. Y. 306, 42 N. E. 712, reversing same case, 74 Hun, 412, 26 N. Y. Supp. 522, and construing section 401 of the Code, however, has led him to believe that such defense can be established, and he now asks leave to set it up.

This section 401 provides that:

"If, after a cause of action has accrued against the person, he departs from and resides without the state, and remains continuously absent therefrom for the space of one year or more, * .* * the time of his absence * * * is not a part of the time limited for the commencement of the action."

The court of appeals held in Hart v. Kip that, when a person retains his residence and domicile in this country, continuous absence as a mere sojourner in another country or in many countries, no matter how prolonged, will not suspend the running of the statute of limitations under this section.

The facts of this case are as follows: The libel was published in defendant's newspaper on November 27, 1892, on which day the cause of action arose. On May 13, 1893, the defendant left this port for Europe, where he has sojourned continuously ever since, still, however, retaining his legal residence and domicile in this city. On June 14, 1894, more than five months before the expiration of two years after the cause of action arose, plaintiff placed the summons and complaint in the hands of the United States marshal for service. As the plaintiff was by that time in Europe, personal service of the summons could not be effected. Nor could he be served under section 435, which provides for substituted service upon a resident, for, under the decisions, that section does not apply where defendant's residence outside of the state is known. Nor could plaintiff proceed by publication, because the case was not one in which an attachment could be obtained; and, if defendant did not voluntarily appear, judgment by default could not have been entered against him upon proof of service by publication. Code, §§ 428, 635, 1216, 1217. Defendant's act, therefore, in departing from the ,state, and remaining absent therefrom, effectually prevented plaintiff from beginning his action. On September 1, 1895, nearly three years after the cause of action accrued, an amendment of the Code extended the provisions of section 635 as to the issue and levy of attachments, for the first time extending that provisional remedy to a case such as this, where the action is to recover a sum of money only, as damages for an injury to person or property in consequence of negligence, fraud, or other wrongful act. Thereupon defendant voluntarily appeared in the action by his attorney, and served an answer, November 29, 1895.

The old rule which discriminated against the defense of the statute of limitations per se as unmeritorious, and not entitled to the same consideration as other defenses, is no longer as strictly enforced as it once was. McQueen v. Babcock, 3 Abb. Dec. 132; Arnold v. Chesebrough, 33 Fed. 571. The excuse given for not pleading this defense originally is a reasonable one. It was hardly

to be supposed that section 401 would be so construed as defendant now contends it has been. Nevertheless, when application is made to the favor of a court for leave to interpose any defense, and the application is one resting in discretion, all the circumstances of the case will be considered, and care taken not to sanction any such abuse of procedure as would shock the conscience. If defendant correctly interprets the decision in Hart v. Kip, the plaintiff's cause of action was barred by the statute November 28, 1894, although the only reason why he was unable to commence his action five months before by personal service of the summons was because defendant left the country, and has ever since remained continuously absent therefrom. Nay, under such a construction of section 401, it would (except for the amendment of 1895) be possible for one person, by negligence, fraud, or other wrongful act, to injure another, and then, by going abroad the same day, and sojourning there for two years, escape all liability to respond in a civil action for the wrong.

Whether or not the decision in Hart v. Kip does so construe the section is a point upon which no opinion is here expressed. It will be noted that in that case, although defendant was absent, he, to plaintiff's knowledge, had property here, and the cause of action was such that plaintiff could at any time during the six years have begun suit with a warrant of attachment. If, however, the decision in Hart v. Kip does require the state courts to construe section 401 in the way defendant contends, it does not necessarily follow that the federal practice would be conformed thereto. Section 914 of the United States Revised Statutes simply undertakes to conform the federal practice to the state model, "as near as may be," not as near as may be possible, nor as near as may be practicable. The United States supreme court has declared that it remains still with the federal judges to construe, and, in a proper case, reject, any subordinate provision in such statutes as would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals. Railroad v. Horst, 93 U. S. 300.

Defendant, therefore, would probably gain nothing by his amendment if it were allowed; and, if the converse were true, it would be so grossly inequitable to permit him thus to defeat the plaintiff's claim that his application should be denied.