(30 Misc. Rep. 297.)

### ROSENZWEIG v. WOOD.

(Supreme Court, Special Term, New York County. January, 1900.)

1. ATTACHMENT—NONRESIDENCE OF DEFENDANT.

That a person, who actually resided within New York for 18 months, retained a legal domicile in another state, did not make him a nonresident of New York, within Code Civ. Proc. § 636, authorizing the issuance of a warrant of attachment against the property of a nonresident.

2. SAME—EVIDENCE.

    On a motion to vacate an attachment issued on the ground that defend-
ant was a nonresident defendant testified that she had lived in the state
for 18 months, and introduced a number of affidavits to the same effect.
Plaintiff introduced instruments executed by defendant, in which her
address was given as elsewhere. Defendant replied that these instru-
ments were prepared by plaintiff's assignor, and executed by defendant
without reading the addresses, and that she had never authorized plain-
tiff's assignor to so give her address. *Held,* that the preponderance of
evidence was in favor of defendant's contention that she was a resident.

Action by Max Rosenzweig against Estelle Wood. On motion to
vacate an attachment. Granted.

A. A. Alling, for the motion.
A. C. Nanz, opposed.

GILDERSLEEVE, J. The plaintiff obtained a warrant of attach-
ment against the defendant on the ground that the latter was a non-
resident of this state. The defendant moves to set aside the attach-
ment for the reason that she is a resident of this city, and was at
the time the attachment was obtained, and has been ever since July.
1898, and that her husband has also been a resident of this city since
May, 1899. The defendant introduces a number of affidavits showing
that defendant lived at No. 309 West Twenty-Second street, in this
city, from July, 1898, to May, 1899, and at No. 203 West Twenty-
Third street, in this city, since May, 1899. The plaintiff introduces
a number of instruments executed by defendant, in which her address
is given as being Chicago. The defendant replies that these docu-
ments were prepared by plaintiff's assignor, and that the defendant
executed them without regarding the address, and she affirms that
she never authorized said assignor to give her address as Chicago. It
is admitted that previous to July, 1898, she did reside in Chicago,
but, as I have said, she claims and swears positively that she left
Chicago forever in July, 1898, and that her husband, who had re-
mained behind to settle up some matters, followed her to New York
in May, 1899, with the purpose of taking his permanent residence
here, and that both defendant and her husband have lived here ever
since. Defendant further says that she may have stated that her
residence was Chicago between July, 1898, and May, 1899, although
at that time she was actually living in New York, and that her reason
for so stating was that she supposed her legal residence was with her
husband, who did not leave Chicago until May, 1899. The allegations
of the defendant are strongly corroborated by several other affidavits
handed up on this motion. The attachment was issued on December
1, 1899. The rule is that the right of attachment should be strictly
construed in favor of the party against whom it is obtained. Penoyar
v. Kelsey, 150 N. Y. 80, 44 N. E. 789. In that case, the court, by
Vann, J., use these words, viz.:

    "Owing to the statutory origin and harsh nature of this remedy, the section
in question should be construed, in accordance with the general rule applicable
to statutes in derogation of the common law, strictly in favor of those against
whom it may be employed."

But, even if the defendant has a legal domicile in Illinois, she is not, under the proofs here submitted, a nonresident of this state within the meaning of section 636 of the Code. In the case of Bank v. Stebbins, 69 Hun, 308, 23 N. Y. Supp. 529, the former general term of this department use this language, viz.:

"In determining this question of residence for the purpose of an attachment, the distinction must always be kept in mind between it and domicile. The fact that the defendant never acquired a residence in another place, and that he had all the time since 1891 an intention to return, and resume housekeeping with his family in this city, would be sufficient to constitute a domicile within this state. But the word 'residence,' as used in section 636 of the Code, means the abode or place where one actually lives, and not one's legal domicile. In other words, a reading of this section will show that it was intended to supply a method for the collection of debts by appropriating property of the debtor to be found within the state when proceedings against the debtor personally are impossible, or liable to be made ineffectual, and thus it allows the use of the process in rem when process in personam could not be served."

It is very clear that the defendant was actually living in New York at the time the attachment was obtained, no matter what property she may have left in Chicago, or what her intention as to returning there may have been. In Waples on Attachment at pages 34, 35, we find the following, viz.:

"The condition upon which attachment issues is, not that the debtor be a resident of another state or country, but that he be not a resident of the state in which the suit against him is brought and the attachment issued. * * * The essential charge is that he is not residing or living in the state; that is, that he has had no abode or home within it where process may be served so as effectually to reach him. In other words, his property is attachable if his residence is not such as to subject him personally to the jurisdiction of the court, and place him upon equality with other residents in this respect."

It is very true, as urged by the plaintiff, that an attachment should not be vacated where the papers on which it was granted are sufficient, and the evidence given in support of it is fairly preponderating. Walton v. Chadwick, 6 Misc. Rep. 293, 26 N. Y. Supp. 789. But in the case at bar it seems to me that the preponderance of evidence is in favor of defendant's contention that she is not a nonresident. The motion must be granted, and the attachment vacated, with $10 costs to abide the event.

Motion granted, and attachment vacated, with $10 costs to abide event.