(58 Misc. Rep. 319.)

### IRWIN v. RAYMOND.

(Supreme Court, Special Term, New York County.　March, 1908.)

1. ATTACHMENT—"RESIDENCE."

By residence, as used in the statutes authorizing attachment, is not meant legal domicile, but actual place of abode, either of a temporary or permanent character, at which due service of process might be lawfully made.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

2. SAME—PERSONS SUBJECT.

Where ordinary process of law can be served on a debtor by his being actually within its reach in the state, he is not liable to attachment, though his legal residence or domicile may be in another state.

3. SAME—NONRESIDENCE—BURDEN OF PROOF.

The burden of showing nonresidence as a ground for attachment is on plaintiff.

4. SAME—VACATION.

An attachment granted because of defendant's nonresidence will be vacated, where affidavits filed by defendant show his continuous residence in the state for over eight years, and that, on the day the attachment was granted, defendant resided at a specified place within the state.

5. SAME—PROCESS—AFFIDAVIT OF SERVICE—SUFFICIENCY.

Affidavit of process server that he made "every endeavor" to locate defendant in New York City, without stating that he knows defendant, or the time, place, nature, or extent of such endeavor, is insufficient to justify an attachment on the ground of nonresidence.

Action by Walter W. Irwin against Percy M. Raymond.　Motion to vacate an attachment granted.

Bond & Babson, for the motion.

Frederick C. Simons, opposed.

FITZGERALD, J.　This is a motion to vacate an attachment, granted because of defendant's nonresidence, on the ground that the defendant was at the time the writ was issued, and now is really a resident of this state.　The writ was granted on January 7, 1908, the proof of defendant's nonresidence then consisting of plaintiff's affidavit that the defendant frequently, and especially on November 29, 1907, told him that defendant resided in New Jersey, and that on October 23, 1907, defendant executed and acknowledged a certain release describing himself as a resident of that state.　Supplemental affidavits submitted in opposition to this motion further allege that defendant frequently told plaintiff that he had never voted in New York state because of his residence in New Jersey; that prior to the execution of said release defendant personally changed his residence, as

therein stated, from "Borough of Manhattan, city, county, and state of New York," to "Bordentown, state of New Jersey," and that plaintiff's process server was unable to serve the writ of attachment, summons, and complaint upon the defendant, or to locate the defendant in New York City or in Amityville, Long Island.

The material question is the place of defendant's residence at the time of the granting of the writ. By "residence," as used in the statutes authorizing attachment, is meant not legal domicile, but actual place of abode or living, either of a temporary or permanent character, at which a service of process might be lawfully made. Weitkamp v. Loehr, 53 N. Y. Super. Ct. 79; Hanover Nat. Bank v. Stebbins, 69 Hun, 308, 23 N. Y. Supp. 529; Rosenzweig v. Wood, 30 Misc. Rep. 297, 63 N. Y. Supp. 447, affirmed 52 App. Div. 631, 65 N. Y. Supp. 1144. If the ordinary process of law could be served upon the debtor by his being actually within its reach in this state, then, notwithstanding his legal residence or domicile may have been in another state, he is not liable to this extraordinary proceeding. Frost v. Brisbin, 19 Wend. 11, 32 Am. Dec. 423; New York v. Genet, 4 Hun, 487; Hanover Nat. Bank v. Stebbins, supra; Haggart v. Morgan, 5 N. Y. 422, 55 Am. Dec. 350. By reason of the severity of the remedy of attachment and of the fact that it is in derogation of common law, the burden of proving defendant's nonresidence as a ground for the issuance of the writ rests upon the plaintiff. This burden the plaintiff here has failed to sustain. The defendant not only denies that he ever told plaintiff he resided in New Jersey, and alleges that he has always voted and is transacting business in New York City, but asserts his continuous residence therein for over eight years last past part of the time, indeed, with the plaintiff himself. He alleges that he neither knew of nor authorized the designation of his residence as "Bordentown, N. J.," in said release, which he merely signed "as a matter of course" at the plaintiff's request. However that may be, in view of plaintiff's allegation that such designation was in defendant's own handwriting, such recital is not inconsistent with the physical fact of defendant's abode within this state at the time, and may properly have been intended to describe his "legal residence or domicile." Defendant's allegations of his continuous residence in New York state for over eight years, and of certain facts indicating such residence, are, as to substantial portions of that period, corroborated by five other persons, some of whom seem clearly disinterested and two of whom swear that on the day of the issuance of the writ the defendant resided at No. 4 West 109th street, Manhattan, New York City.

The affidavit of plaintiff's process server as to his efforts to serve the defendant after the granting of the writ is insufficient. He states that he made "every endeavor" to locate the defendant in New York City, without stating that he knows the defendant, or the time, place, nature, or extent of such endeavor. Likewise the alleged statement of the unnamed servants of the defendant's friend, with whom he claimed to reside at Amityville, Long Island, that they did not know or had not seen the defendant, and that he did not reside with such friend there, are of little or no weight, in view of the positive state-

ment of the defendant and his friend that they reside there together, and in the absence of any other proof that the nature of their employment and their consequent relation to their employer's household was such as to make it probable that they would see or know one residing with such employer.

For these reasons, the motion to vacate the attachment should be granted, with $10 costs.

Motion granted, with $10 costs.