## Matter of the Probate of the Last Will and Testament of JANE F. GAHN, Deceased.

(Surrogate's Court, Westchester County, January, 1920.)

**Process — when service of citation by publication invalid — residence — infants — Code Civ. Pro. §§ 2525, 2528.**

The validity of an order for the publication of a citation to attend a probate proceeding must be determined solely upon the statements in the affidavit or petition upon which it was granted, and every requirement of the statute must be observed.

Where a petition for probate after stating that the residence of an infant interested in the estate was in another state and that her postoffice address is at a certain hospital in the city of New York, further states that she and other infants reside with their mother, whose residence is in the other state, that said infant is now sojourning at and her postoffice address is at said hospital, service of the citation upon her by publication to attend the probate is defective, and does not subject her to the jurisdiction of the court.

The attorney having knowledge that said infant was " sojourning " or in other words " residing " within the state of New York, at a fixed address, should have served the citation upon her " within the state " under section 2525 of the Code of Civil Procedure or pursuant to section 2528 of said Code, by an order founded upon a petition alleging jurisdictional facts.

Misc.]    Surrogate's Court, Westchester County, January, 1920.

Proceedings upon the probate of a will.

Thompson, Koss & Warren (George Flint Warren, Jr., of counsel), for petitioner.

Slater, S. The petition filed for the probate of the last will and testament of the decedent herein shows that among the persons interested in the estate is one Mary R. Gahn, '' whose residence is Manchester, Vermont, and *whose post-office address is Flower Hospital, Eastern Boulevard & 63rd Street, Borough of Manhattan, City of New York.''* The petition further states that the said infant, Mary R. Gahn, and other infants '' reside with their said mother, Mary Kennard, whose residence and post-office address is Manchester, Vermont. *That the said infant, Mary R. Gahn, is now sojourning at, and her post-office address is Flower Hospital, Eastern Boulevard and Sixty-third Street, in the Borough of Manhattan of the City of New York.* That Maxwell H. Elliott, Esq., whose post-office address is No. 277 Broadway, in the Borough of Manhattan of the City of New York, is the General Guardian of the said Mary R. Gahn and others.'' The petition was verified November 5, 1919, and filed in this court November 11, 1919. An order was entered on the 11th day of November, 1919, directing that a citation issue to the proper persons pursuant to the prayer of the petition, and it was further ordered that service of said citation upon Mary R. Gahn and others be made by publication. It further directed that on or before the first day of publication, a copy of said citation be mailed to said Mary R. Gahn at Manchester, Vermont, and at Flower Hospital, Eastern Boulevard and Sixty-third street, in the borough of Manhattan, city of New York. The citation, dated November 11, 1919, and returnable January 6, 1920, was duly issued. The

7

Surrogate's Court, Westchester County, January, 1920. [Vol. 110.

affidavit of publication indicates the publication of the citation for the proper time and the affidavit of mailing shows that the citation was mailed according to the direction in the order.

Upon the facts stated in the petition is the service of the citation by publication upon Mary R. Gahn valid? Is she now subject to the jurisdiction of the court?

The validity of an order of publication of citation must be judged solely upon the statements in affidavit or petition upon which it was granted (*Wortman* v. *Wortman,* 17 Abb. Pr. 66), and every requirement of the statute must be observed. *Saw-Mill Co.* v. *Dock,* 3 Dem. 55; *Fink* v. *Wallach,* 47 Misc. Rep. 247.

When can a person physically within the state of New York be said to be " not a resident of the state " as these words are used in section 2526 of the Code of Civil Procedure? Can a person *bodily present within the state* be properly served without the state by publication and subjected to the jurisdiction of the court, when the knowledge that the person is within the state is brought to the attention of the court in the petition upon which the order of publication is founded?

Webster's Dictionary defines the word " sojourn " as a " temporary residence,— to dwell for a time, or live in a place as a temporary resident." The word " sojourn " used in the petition is synonymous with the word " residing." What construction should be placed upon the words " not a resident of the state " or " residing in the state " as employed in the several sections of the Code relating to the service of process? The sections in the Surrogate's Practice Act relating to process should be construed in connection with the sections of the Code relating to the service of summons. Similar expressions are employed.

Section 2527 of the Code relates to applications for

order permitting service by publication *without* the state and says that " must be made upon the petition * * * which must set forth to the satisfaction of the surrogate the facts which show that the case is one of those specified in section 2526."

Section 2526 states that: " Service personally without the state, (1) Where it is to be served upon a foreign corporation, or *upon a person who is not a resident of the state.*"

Section 2528 states that the granting of an order for service by publication or personally without the state shall not prevent the personal service of such citation within the state. This would cover a case where publication had been started and it was later found that the person was within the state. This statement codified the decision of my learned predecessor, Surrogate Silkman. *Matter of Washburn,* 12 Misc. Rep. 242. In the instant case, however, service was not personally made within the state pursuant to the authority given in this section.

Section 2525 relates to the service of a citation *within the state* and says that: " Personal service of a citation *within the state* shall be made as follows: Upon an adult person or upon an infant of the age of fourteen years or upwards, by delivering a copy thereof to the person to be served." This section also provides for substituted service where the person within the state cannot be found at his place of residence.

The revisers say, in a foot-note to section 2525, " This leaves to be served by publication, *non-residents,* residents who cannot be found, those who have no residence or place of business and persons unknown."

The election laws of the state define who are residents for the purpose of suffrage. The courts have defined the law relating to the word " residence "

used in transfer tax proceedings. *Matter of Martin,* 94 Misc. Rep. 81. Residence in connection with the right to the probate of a will of decedent has been held to be equivalent to "domicile." *Dupuy* v. *Wurtz,* 53 N. Y. 556; *Matter of Cruger,* 36 Misc. Rep. 477. The court in *Matter of Newcomb,* 192 N. Y. 238, in discussing residence and domicile in connection with the issuance of ancillary letters testamentary, said: "Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence, as an inhabitant in a given place." See Jessup-Redfield, § 79. The following cases reflect the thought of the courts upon the construction of the word "residence" where used elsewhere in the law. In *Matter of Austen,* 13 App. Div. 247, Justice Barrett held that a person who hired a house in the city of New York for temporary residence is liable for taxation purposes. The fact that such a person for the past fifteen years had been a resident of Pennsylvania; paid taxes there and voted there,— may indicate his domicile is in Pennsylvania; but *does not prove his residence for purposes of taxation is not in New York.*

In *Frost* v. *Brisbin,* 19 Wend. 11, the court, defining residence, said: "There must be a settled, fixed abode, an intention to remain permanently *at least for a time, for business or other purposes.*" In actions relating to taxation, suffrage, divorce and limitation of actions, the term residence is used in the sense of legal residence, as distinguished from the place of temporary residence.

In *Berryhill* v. *Sepp,* 106 Minn. 458, the court said: "The purpose of the use of the term in an act relating to the service of process has primary reference to the place where the defendant is usually to be found."

In an action to recover damages for personal inju-

ries, Justice Burr of this department said: "*Residence,* as the word is used in other sections of the Code (*excluding those relating to attachments and service of process*) and in other statutes (excluding those relating to taxation), is generally synonymous with domicile." *Hislop* v. *Taaffe,* 141 App. Div. 40.

Justice Fitzgerald, in *Irwin* v. *Raymond,* 58 Misc. Rep. 319, defines residence in the law of process. The motion was to vacate an attachment granted because of defendant's non-residence on the ground that the defendant was at the time the writ was issued and now is really a resident of this state. The court said: " By residence as used in the statutes authorizing attachment is meant not legal domicile, but actual place of abode or living, either of a temporary or permanent character, at which a service of process might be lawfully made. *Weitkamp* v. *Loehr,* 53 N. Y. Super. Ct. 79; *Hanover National Bank* v. *Stebbins,* 69 Hun, 308; *Rosenzweig* v. *Wood,* 30 Misc. Rep. 297; affd., 52 App. Div. 631."

The Code contemplates personal service of the court's process upon all defendants and persons cited who are *within the state* by the most direct method to reach the person. The spirit of the law laid down in these sections is personal service. When the person is " not a resident of the state," but is bodily present within this state, we cannot take advantage of the section of the Code which provides for publication and service without the state, unless the petition sets forth jurisdictional facts, and service may then be made personally within the state pursuant to section 2528. Residence in the law of process is far from domicile, or legal residence.

In the law of process these words mean a personal residence — the physical presence,— the bodily presence of the person cited. I think a temporary resi-

Surrogate's Court, Westchester County, January, 1920.    [Vol. 110.

dence within this state, whether for a short or long period, is the residence meant and intended by the use of the words " not residing in " and " within the state " in the sections of the Code relating to the service of summons and citation. If any other construction should be placed upon these words it would lead to the grossest kind of frauds. An attorney having knowledge of the fact of the personal presence of a person within the state, sought to be served, should proceed under section 2525. In the instant case the attorneys for the petitioner have informed the court by letter that Mary R. Gahn was at the time within the state attending school.

It is jurisdictional to have the petition, or affidavit, state that the person to be cited and sought to be served is " not a resident of the state " without qualification as to bodily presence within the state. In the instant case the jurisdictional fact is negatived by the other allegation found in the petition, that Mary R. Gahn is " sojourning " or, in other words, " residing " within the state of New York, at a fixed address. The attorney having had that knowledge should have served the citation upon her " within the state " under section 2525 of the Code of Civil Procedure, or pursuant to section 2528 by order founded upon a petition alleging jurisdictional facts. The allegation of bodily presence in the state having been incorporated in the petition, the court should have excluded Mary R. Gahn from the order of publication in the first instance. The service by publication founded upon the petition herein is defective as to Mary R. Gahn. The order of publication in so far as Mary R. Gahn is concerned should be vacated.

Decreed accordingly.