Edgar F. Hazleton, S.
The petition for probate fails to state the names of any distributees or to state that their names are unknown. Filed with the petition are five affidavits demonstrating diligent but fruitless inquiry for distributees. One of the affidavits is that of the decedent herself, made more than six months prior to her death. The other four affidavits were each sworn to on the same day as the petition for probate or a few days earlier.
The special guardian’s report does not take exception to the adequacy of the proof of due diligence or to the service by publication which was made pursuant to an order based on the five affidavits. He objects on the ground that the petition “ fails to cite ” the unknown parties or to set forth a general description of their connection and interest.
Subdivision 3 of section 51 of the Surrogate’s Court Act requires that the petition ' ‘ substantially set forth ’ ’ the names and addresses of the persons interested and the facts showing efforts to ascertain that information with respect to unknowns. Section 57 requires that application for an order for service by publication ‘ ‘ must be made upon the petition, or upon an affidavit ”.
In the cases cited by the special guardian, sufficient facts were not set forth either in the petition or in an affidavit. (Matter of Murphy, 141 Misc. 272; Matter of Owen, 144 Misc. 688.) The latter case pointed out that an insufficient petition was not accompanied by an affidavit. It is not disputed that the order of publication itself is to be viewed in the light of ‘ ‘ the statements in affidavit or petition upon which it was granted ”. (Matter of Gahn, 110 Misc. 96, 98.)
Here, the silence of the petition as to the identity of the distributees was fortified only by a further negative contained in the affidavits filed with the petition. On these papers, nothing bearing on identity could have been stated in the petition except that the distributees were unknown.
As to diligent inquiry, the practice of construing sections 51 and 57 together has been long established. (Matter of Gahn, supra.) It is customary to supply the basis for publication by affidavit. Since the petition is a pleading, while affidavits are appropriate vehicles of proof of factual details, the practice recommends itself.
This court holds that it has acquired jurisdiction of the necessary parties in this probate proceeding. Let the decree be entered.