SERENA FERRIS, Respondent, *v.* THE UNION FERRY COM-
PANY, Appellant.

NEGLIGENCE. The letting down of the chains which guard the passage from a
ferry-boat to the bridge, by one of the servants of the ferry company, before
the boat is properly secured to the bridge, is an act of negligence which will
render the company liable for damages sustained in consequence thereof.

The letting down of such chain by the servant having that duty in charge is an
assurance to the passengers that the boat is properly secured to the bridge,
and that the passage way is safe for exit.

APPEAL from a judgment of the Supreme Court rendered
at General Term in the first district, affirming order deny-
ing motion for new trial and a judgment entered upon the
verdict of a jury on a trial at circuit, before Hon. HENRY
HOGEBOOM, justice of the Supreme Court.

The plaintiff was a passenger from Brooklyn to New York
on one of the defendants' ferry-boats, and on the arrival of
the boat at her slip in New York, her foot fell into an open-
ing between the boat and the floating bridge at which she
was to land, whereby her leg was jammed, causing the
injury on account of which this action was brought.

A motion for nonsuit was made at the close of the plaint-
iff's case, and again when the defendants rested, both of
which were denied. The jury found a verdict for the
plaintiff, for $400. All of the other important facts in
the case are sufficiently disclosed in the opinion.

*J. M. Van Cott,* for the appellant.

*Charles Tracy,* for the respondent.

SCRUGHAM, J. We are only to determine whether the
learned justice who presided at the trial, erred in refusing to
dismiss the complaint when the plaintiff closed her case, or in
again so refusing when all of the testimony had been adduced
on both sides.

Chains are fastened across the ferry-boats of the defend-
ants when they leave their slips, to prevent passengers leav-

ing the boat before it is properly fastened to the floating dock or bridge to which it comes. Some of the men employed upon the boat, guard these chains to maintain them in position until they let them down to enable the passengers to leave the boat on its arrival. That part of the chain which crossed the passage way from the ladies' cabin of the boat on which the plaintiff was injured, was let down on that occasion by one of these men before the plaintiff attempted to pass from the boat to the bridge. If the defendants were guilty of any negligence it was in this act of their employee. It was not negligence if so much of the easterly end of the boat as corresponded in position and width with the ladies' passage way, was at that moment close up and fastened to the bridge, and if this was not the case the dropping of the chain was negligence, for it was an intimation to the passengers that the junction of the boat with the bridge was as to that passage way, perfect.

The conformation of the end of the boat, and the bridge, as shown on the diagram, which was used on the trial, and of which a copy appears in the case, shows that if the end of the boat and the bridge were in close contact over the whole width of the ladies' passage way (being a length of eight feet from the northerly end of the bridge), contact must have continued several feet further southerly. If therefore, the place of the accident was on the ladies' passage-way, as the plaintiff testifies, or not more than a foot southerly of it, as stated by her witness, Mr. Dodge, the junction of the boat and bridge could not have been perfect over the whole width of the passage way at the time of the accident; and the dropping of the chain by the servant of the defendants before that junction was secured, was negligence in the defendants. The plaintiff was not bound to use more than ordinary care in leaving the boat. She did not attempt to go off, nor did she leave the ladies' cabin until she heard the chain drop. As it was dropped by one of the men in charge of it, she had a right to assume that the boat and bridge were, and would remain perfectly joined over the whole width of the ladies' passage way, and over a space of more

than a foot, extending southerly from it, for the junction over the width of the passage way would naturally and necessarily affect the junction over the additional space. Therefore, in attempting to pass off from the boat outside of the ladies' passage way, but within one foot southerly of it, the plaintiff was not negligent. She was passing off with other passengers, a considerable number being both before and behind her, and she had seen nearly half of all of the passengers who were on the boat leave it in safety before she fell.

When the plaintiff rested her case, there was no circumstance in evidence showing any negligence on her part. It did not appear that she was looking in a direction different from that in which she was going, or that she was not observant of her steps, or that before she made the step the opening between the boat and bridge existed. These circumstances were not necessarily inferable from the occurrence.

Only one corner of the boat was fastened to the bridge, she was otherwise loose and floating in water, which must have been still under agitation from the movement of her wheels and hull, in approaching the dock. Under such circumstances the effect, in a slip, of such slight swells as are usually caused by the wheels of steamboats, would be to sway her to and from the bridge, so that at one moment a portion of her bow might adjoin the bridge which at the next would be somewhat withdrawn from it. It is quite possible, that when the plaintiff raised her foot to make the unfortunate step, the boat was at that point in contact with the dock, and that when the foot came down, she had receded sufficiently to cause the opening into which it fell. There is no evidence of this, but it is a hypothesis upon which the injury may be accounted for without attributing it to negligence in the plaintiff, and a presumption of negligence will not arise from the injury alone if it can be accounted for on any other reasonable hypothesis. (*Holbrook* v. *The Utica and Schenectady R. R. Co.*, 2 Kern., 236.)

One of the defendant's witnesses testified that he called out to the plaintiff, "Madam, be cautious how you step;" but there is no evidence that this caution was heard by her

or by any other person; and the witnesses on the part of the defendants located the point of the plaintiff's fall as at or a little southerly of the center of the bow of the boat. In this they were in direct conflict with the witnesses for the plaintiff.

Thus, then, there was at the close of the whole testimony, and when the second motion for a dismissal of the complaint was made, conflicting evidence upon one of the most important points in the case, and, therefore, the judge properly refused to grant the motion.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.