SARAH M. LISCOMB, Respondent, *v.* THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

Where it appeared that the plaintiff and her husband, residing here, removed into New Jersey, where they kept house for a year, and then were without permanent abode, visiting here and in New Jersey, until after commencement of the action, when they resumed housekeeping in this State, and it did not appear with what intention, as to residence, they removed from the State or returned to it,—*Held*, that the plaintiff was presumptively a resident of this State.

A railroad company is guilty of gross negligence in leaving a hole in the floor of the depot, where its passengers are accustomed to alight from its cars, thus rendering their landing unsafe.

THIS was an appeal, by the defendant, from a judgment in favor of the plaintiff, upon the report of a referee.

The plaintiff sued in December, 1870, to recover of the defendant, a foreign corporation, created under the laws of New Jersey, to recover damages alleged to have been sus-

tained in consequence of injuries occasioned by reason of the defendant's negligence.

It appeared that the plaintiff, while descending from one of the defendant's cars, upon which she was a passenger, at Jersey City, at the proper time and place, caught one of her feet in a hole in the floor of the depot, and sustained a permanent injury. There was a distance from the step of the car to the floor of from two feet seven inches to three feet. The floor was of plank, and directly beneath the place of alighting was the hole from three to six inches deep, and of sufficient width and length to admit of the foot of an adult person

Other facts are stated in the opinion of the court.

*Charles F. Sanford*, for the appellant.

*Joshua M. Van Cott*, for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The subject of the action being transitory and personal, the rule of the common law is, that the defendants may be sued wherever they can be found and served with process. (Story Confl. L., § 554.) Personal rights and obligations, founded in contract or growing out of the duty which one owes to another, follow those who are entitled to enforce them wherever they may go, and may be enforced by every court which obtains jurisdiction over the parties. (*Bennett* v. *Benjamin*, 15 Mass., 355; *Smith* v. *Bull*, 17 Wend., 323; *Latourette* v. *Clark*, 45 Barb., 330; *Mostyn* v. *Fabrigas*, 1 Smith Lead. Ca., 785–789; *Scott* v. *Seymour*, 1 H & C., 210.) The complaint avers that the defendants have an office and place of business in the city of New York. They appeared, and for some time litigated the action upon the merits, without any contention respecting the jurisdiction of the court. We must presume that they were duly served with the summons, conformably to the statute applicable to such cases; and section 125 of the Code of Procedure in

terms provides for the trial of an action where none of the parties reside within this State. The defendant's counsel, however, contends that the evidence shows that the plaintiff was not, when the action was commenced, a resident of this State, and that the defendant being a corporation, created by the laws of the State of New Jersey, was not amenable to the jurisdiction of the court, by force of section 427 of the Code of Procedure, although the summons was served within this State, personally, in the manner provided by section 134 of said Code.

It is not necessary to decide the precise question thus presented, because the referee found the fact to be that the plaintiff was a resident of this State, and we are of opinion that the evidence was sufficient to sustain such finding.

It appears that the plaintiff is a married woman, and that the action was commenced in December, 1870. The plaintiff and her husband both testified that their residence was in the city of Brooklyn. It appears that, up to the year 1868, they resided in the city of New York; that they then removed to Rahway, New Jersey, where they remained and kept house for about a year; that they then broke up housekeeping, and that they had no permanent abode until May, 1871, when they resumed housekeeping in Brooklyn. During the interval between November, 1870, and May, 1871, the plaintiff and her husband boarded a part of the time in Brooklyn, making frequent visits to their relatives, who resided in New Jersey and in New York. The evidence, however, irrespective of the direct declarations of the plaintiff and her husband, was not conclusive upon the subject of their residence or domicile during that period. The plaintiff's residence, in contemplation of law, was that of her husband. The husband was not questioned, as to his intentions, when he left New York and went to New Jersey. He may have been domiciled in New York, and have taken up his residence in New Jersey, for a temporary purpose, without changing his domicile. In such a case, by abandoning his temporary residence with the intention of returning to his place of domicile, the latter, in the

Liscomb *v.* The New Jersey Railroad and Transportation Company.

absence of evidence that before his actual return to his domicile he had acquired another residence elsewhere, would be deemed his residence. Nor was he questioned respecting his intentions as to his future place of residence, when he quitted Rahway. The evidence is certainly insufficient to show that he actually acquired another residence in New Jersey. Leaving out of view the positive statements of the plaintiff and her husband, that they resided in Brooklyn, however, and conceding that the rest of their evidence may be regarded as sufficient to show that their actual residence was in New Jersey, still it was competent for the referee to take those statements into consideration, and to decide upon the effect of all the evidence on this subject, and we ought not to reverse his finding, especially as the point does not go to the merits of the case.

We are clearly of opinion that the facts entitled the plaintiff to recover. The defendants were guilty of gross negligence in leaving a hole in the floor where passengers were accustomed to alight from their cars. They were not bound to afford a platform higher than the floor, for the purpose of a landing, but they were bound to see that the place which they did provide for. the landing of passengers, whether a platform or a floor, was a safe one.

It does not appear that the plaintiff saw the hole in the floor, in question, or that she omitted the use of any reasonable precaution to prevent the accident. She had a right to rely upon the floor being free from holes, without taking special pains to ascertain whether it was or not before she stepped upon it. (*Ferris* v. *Union Ferry Co.*, 36 N. Y., 312; *Davenport* v. *Ruckman*, 37 id., 568, 573.)

The case presents no ground for setting aside the verdict because the damages were excessive.

The judgment should be affirmed with costs.

Judgment affirmed.