Lewis, J.
—From the foregoing facts, I assume, in disposing of this motion, that the defendant is under like obligations respecting this depot as if it were fix» owner of the road instead of the lessee. It is required to do all and everything the company owning the road would be obliged to do if it were operating the same.
Hamburg is an important station upon this road at which its trains stop. It receives there for transportation a large number of passengers and a large amount of freight, and its depot is entirely inadequate for the accommodation of the passengers and freight; the part thereof devoted to passengers is not of sufficient height, presumably, to enable all the passengers to stand upright within it; the boards of which it is constructed being but six feet in length ; so that, practically, the defendant is without a, passenger station ; and it Is not denied that a station house is necessary at this place for the comfort and convenience of the *308 traveling public. The contention of the learned counsel for the defendant is, that the power does not exist in the courts to compel railway corporations to construct depot buildings for the accommodation of passengers and freight; that this power is lodged only in the legislature of the State.
Railroad corporations exist by virtue of statutory law, which gives them great powers and privileges ; chief among them is the right to invoke the exercise of eminent domain to the end that they may acquire sufficient land for their road-bed, station houses, etc. When land is condemned for their use, it is appropriated theoretically to public use. It is upon that ground only that it can be condemned.
By section 36, chapter 140, Laws of 1850, railroad companies are required to run their cars for the transportation of passengers and property at regular times, to be fixed by public notice. They are to furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, be offered for transportation.
The statute conferring these powers and privileges upon these corporations, it will be seen, imposed upon them duties to the public. They must conduct their affairs with a view of furthering the object of their creation. If permitted to arbitrarily decide the manner of conducting their business regardless of the interests of the public, they may, instead of being servants of the people, become instruments of oppression and danger. Narrow construction ' should not be given by the courts to statutes imposing upon the companies duties to the public. They are required to furnish sufficient accommodations for the transportation of passengers and property. Can it be said they have fully performed that duty when they simply provide cars and motive power properly manned ? *309 Are not platforms and means by which passengers can reach the cars necessary 1 Js not a depot of sufficient capacity to properly protect passengers from exposure also necessary 1
Section 2, of chapter 31 of the Statutes of 17 and 18 Victoria, entitled “ For the better regulation of the traffic of railways and canals,” provides that railway companies shall afford all reasonable facilities for the receiving, forwarding and delivery of traffic upon their roads, and so that all reasonable accommodations may be afforded to the public. In construing this act the court, in the case of In re The Caterham Ry. Co. (1 Com. Bench [87 Eng. Com. Law. Rep.] 410), said, that a railroad company was obliged to furnish a covered station for passengers, and the failure to do so was withholding a reasonable accommodation to which the public are entitled (Hall v. London, Brighton, &c. Ry, Co., L. R. 15 Q. B. Div. 505).
But in the absence of any statutory law, a railroad company at common law owes a duty to the people t© provide reasonable accommodations at their stations. In the case of McDonald v. Chicago & Northwestern R. R. Co. (26 Iowa, 138), Dillon, C. J., says: “1 have no hesitation in saying that without any statute enacted, there is a common law duty on these companies to provide reasonable accommodations at stations for the passengers who are invited and expected to travel on their roads.”
In Matter of the New York & Harlem Railroad Company v. Kip (46 N. Y. 546), the court says: “Passenger depots, convenient and proper places for the storing and keeping cars and locomotives when not in use, proper, secure and convenient places, having reference to the public interests to be subserved, for the receipt and delivery of freight, and for the safe and secure keeping of property between the time of its receipt and despatch, or after its arrival and discharge, *310 before its removal by the owner or consignee are among the acknowledged necessities for the running and operation of railroads, and a proper transaction of the business in the interests of the public. They may be regarded as indispensable to the accomplishment of the general purposes of the corporation and the design of the legislative grant.”
Potter on the Law of Corporations, vol. 2, § 476, says : “ Under the charter of these corporations, it is held to be their duty to keep their road reasonably safe; to provide such rolling stock, fixtures and machinery, establish such depots, and operate their road in such a manner as would afford the public reasonable safety and despatch in the transaction of business upon the road. The duties enjoined upon corporations are ministerial duties, to do and perform what the public convenience and necessity reasonably require in respect to the particulars specified.”
Section 495, the same author, says : “Not only in the actual carriage of passengers during the journey, but in all preliminary matters, as their reception into the vehicle and in their accommodation, while waiting for it in the ways to and from the conveyance, and in rooms kept for their use, whether such ways and rooms are owned by them or where they have license to use them, the carrier is bound to keep them in repair and to clear them from obstacles therein left by their negligence, or that of their agents, causing injury to passengers. By the.very nature of their employment the carrier invites the public to enter vehicles, and these rooms and ways so fitted he impliedly guarantees shall be in repair.”
It is the duty of a railroad company as a common carrier' to keep its depots in a safe condition (Liscomb v. New Jersey R. R. & Transp. Co., 6 Lans. 75). It is their duty as common carriers, not as warehousemen. The railroad company are responsible as common car *311 riers, after receiving baggage, till the departure of the passenger within a reasonable time. After having received the baggage of a passenger it continues to sustain the relation to him of a common carrier until the owner has had reasonable time and opportunity to come and take it away (2 Redfteld on Railways, 44).
When the charter of a corporation, or a general statute in force and applicable to the subject matter, imposes a specific duty either in terms or by fair and reasonable construction, and there is no other specific adequate remedy, the writ of mandamus may be granted to compel the performance of such duty (State v. Southern Minn. R. R. Co., 18 Minn. 40).
If, as I think we must assume, depot buildings are necessary adjuncts of a railroad to enable it to comply with the statute requiring it to supply sufficient accommodations for the transportation of passenger’s and property, then the duty . to maintain proper depot facilities at its station is imposed upon the defendant by statute.
• Mandamus has been awarded to compel a railroad to run its trains to the terminus of its road (State v. Hartford & N. H. R. R. Co., 29 Conn. 538). To compel a railroad or a canal company to build or repair its road or canal (People v. Troy & Boston R. R. Co., 37 How. Pr. 437; Re Trenton Water Power Co., 1 Spencer [N. J. L.] 659)to compel a railroad company to deliver to a particular elevator, grain consigned to it in bulk (Chicago & N. W. R. R. Co. v. People, 56 Ill. 365); to compel a company to operate its road as one continuous line (Union Pacific R. R. Co. v. Hall, 91 U. S. 343); to compel a railroad company to receive and transport freight upon such terms as are reasonable and usual, and to perform its duties as a common carrier (People v. N. Y. Central, &c. R. R. Co., 28 Hun, 543).
So long as the defendant continues to operate the road, it should discharge its duty to the public with *312 out reference to whether the income therefrom be large or small.
While my investigations of this case have led my mind to the conclusion that a mandamus should issue compelling the defendant to provide suitable accommodations for passengers and property at their Hamburg station, the discretion of the defendant iu the management of its road and affairs should not be interfered with beyond requiring that accommodations be furnished sufficient to accommodate the public. The manner in which that result shall be accomplished must be left largely to the discretion of the officers of the company. The functions of the board of railway commissioners under the act of 1882 would seem to be recommendatory rather than mandatory, and I have so considered them in disposing of this motion.
The motion for a peremptory mandamus should issue directing the defendant to construct and maintain at Hamburg station suitable depot facilities for the accommodation of passengers and freight.