(2 Misc. Rep. 420.)

### EAVES COSTUME CO. v. PRATT.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

DOMICILE—WHAT CONSTITUTES.

    Where defendant's domicile by birth was in St. Louis, and he came to New York before he was of age, and went into business, and for about a year and a half lived at various boarding houses and hotels, and then, for a few months, he hired apartments, at the end of which time he left them, stored his goods, and went to Maine to spend his summer vacation, the evidence is not sufficient to show that he was a resident of the state of New York, even though it is assumed that he had a general intention of returning, and he declares his intention of returning at a stated time.

Appeal from special term.

Action by the Eaves Costume Company against Thomas H. Pratt. From an order denying his motion to vacate an attachment against his property, issued on the ground of his nonresidence, under Code Civil Proc. § 636, subd. 2, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Geo. Carlton Comstock, for appellant.

Charles H. Lellman, Jr., for respondent.

BISCHOFF, J.    A person may be domiciled in one state and resident of another. Frost v. Bisbin, 19 Wend. 11. His domicile is the place to which he intends eventually to return, and there to remain, (In re Thompson, 1 Wend. 43,) while his residence comprehends no more than a fixed abode for the time being, as contradistinguished from a place of temporary sojourn, (In re Wrigley, 8 Wend. 134.) On the hearing of the motion to vacate the attachment, it appeared from the affidavit of Elizabeth H. Pratt, which was submitted for the purposes of the motion on defendant's behalf, that at all times prior to the removal of her family, which consisted of herself and two sons,—one of them the defendant, —to New Haven, Conn., their domicile was in St. Louis, Mo., and that about the year 1887 the removal to New Haven was effected, for no other purpose than to complete the sons' education. The St. Louis domicile was therefore not abandoned, and as, at the time of the removal to New Haven, defendant was an infant, his domicile was that of his mother. Lamar v. Micou, 112 U. S. 452, 5 Sup. Ct. Rep. 221. St. Louis having been shown to be defendant's domicile of origin, its continuance, both during his minority and thereafter, must be presumed, until it satisfactorily appears that he has established a domicile of choice. 7 Lawson's Rights, Rem. & Pr. p. 6067, § 3848. No attempt was made by defendant to prove a domicile of choice, but, instead, he endeavored to show that, when the attachment was issued, he was not a resident of New Haven, but of New York. Plaintiff's right to the attachment, however, was not dependent upon the fact of defendant's residence in New Haven, but upon the fact of his nonresidence within the state of New York. In June, 1890, when defendant was but 20 years of age, he came to the city of New York to venture in the business of a theatrical manager. For this purpose he established an office, and after having at intervals lived at boarding houses and hotels, about February, 1892, rented apartments at 250 West Thirty-Ninth street, in said city, which he in turn abandoned shortly before July 15th of the same year, when, as he says himself, he stored his furniture, and went to Old Orchard, Me., there to spend his summer vacation. On July 28th, concededly while defendant was without the state, the attachment was issued.

The facts narrated show that, at the time of issuing the attachment, defendant had no fixed abode within, and that he was therefore at that time not a resident of, the state of New York. Assuming that he had a general intention of future return, that fact alone did not constitute a continuance of his abode. Wood v. Hamilton, 14 Daly, 41; Weitkamp v. Loehr, 53 N. Y. Super. Ct. 83. Nor was defendant's own declaration of his intention to renew his abode at a stated time conclusive. Dietlin v. Egan, (Com. Pl. N. Y.) 19 N. Y. Supp. 392. His domicile of origin was in St. Louis. He had not acquired a domicile of choice. Actual abode, for business accommodation only, did not effect a change of domicile. In re Wrigley, 8 Wend. 134, 139. It could only be acquired by concurrence of actual residence and intention permanently to

remain. 5 Amer. & Eng. Enc. Law, 862. And without satisfactory evidence that defendant, at the time when the attachment was issued, had a fixed place of abode within the state, his residence must be presumed to be at the place of his domicile. The order appealed from should be affirmed, with costs. All concur.