PETER HART, Respondent, *v.* ISAAC L. KIP, Appellant.

1. STATUTE OF LIMITATIONS — SUSPENSION — ABSENCE FROM STATE — RESIDENCE. To effect a suspension of the Statute of Limitations, under the provision that "if, after a cause of action has accrued against the person, he departs from and resides without the state and remains continuously absent therefrom for the space of one year or more, * * * the time of his absence * * * is not a part of the time limited for the commencement of the action" (§ 401, Code Civ. Pro. as amended by chap. 498, Laws of 1888), there must be proof of a *residence* without the state, in conjunction with the other prescribed conditions ; and that fact is not established by mere proof of absence from the state for more than one year.

2. RESIDENCE — ABSENCE FROM STATE — TRAVELERS. One who has a residence and domicile in this state and departs as a traveler for business or pleasure in another country, does not by his mere absence acquire a residence or reside in that country.

*Hart* v. *Kip* (74 Hun, 412), modified.

Argued January 15, 1896; decided January 28, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 20, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac L. Miller* for appellant. The exceptions to the finding of fact that the defendant on May 28, 1890, departed from the state of New York and resided out of said state, and continuously remained absent therefrom until November 23, 1892, and to the conclusion of law, that the time of the defendant's continuous absence is no part of the time limited by the Statute of Limitations, wherein the plaintiff was bound to commence this action in order to avoid the operation of said statute, are well taken. (Laws of 1888, chap. 498 ; *F. N. Bank* v. *Bissell,* 7 N. Y. Supp. 53 ; *Haggart* v. *Morgan,* 5 N. Y. 423 ; *People ex rel. James* v. *Surrogate's Court,* 36 Hun, 220 ; *People* v. *Platt,* 117 N. Y. 159 ; *Dupuy* v. *Wurtz,* 53 N. Y.

556; *De Meli* v. *De Meli*, 120 N. Y. 485; *Engel* v. *Fischer*, 102 N. Y. 400.)

*John R. Farrar* for respondent. The finding of fact of the referee that the defendant "departed from the state of New York and resided out of said state and remained continuously absent therefrom" from May 28, 1890, to November 23, 1892, is sustained by the evidence, and the allowance of damages covering such period is correct. (*Ford* v. *Babcock*, 2 Sandf. 518; *Cole* v. *Jessup*, 10 N. Y. 96; *Denny* v. *Smith*, 18 N. Y. 567; *Harden* v. *Palmer*, 2 E. D. Smith, 172; *Martin* v. *Platt*, 51 Hun, 429; *Haggart* v. *Morgan*, 5 N. Y. 423; *People ex rel. James* v. *Surrogate's Court*, 36 Hun, 220.)

O'BRIEN, J. The plaintiff has recovered upon a claim for services as janitor of a building belonging to the defendant. It is alleged that the services commenced May 1, 1879, and continued till March 1, 1890, when they terminated. The services were rendered, as the plaintiff claims, under an agreement between the parties whereby the plaintiff was to be paid $20 per month.

This action was commenced on the 17th of February, 1893, and one of the defenses interposed is the Statute of Limitations. There was also a general denial and an allegation of payment. The plaintiff, during all the time, had apartments in the building without rent, but the defendant denied that he had employed him as the janitor or that he owed him anything for services. From the plaintiff's own statement he made no demand of the defendant for any compensation for his services during a period of nearly fourteen years, though his pecuniary circumstances were such as would naturally stimulate him to become possessed of the fruits of his labor. On the supposition that the plaintiff had a valid claim against the defendant for his monthly wages, it is somewhat difficult to understand his forbearance to even ask for their payment. But the referee has given credit to the plaintiff's testimony

and the General Term has approved his findings, and hence we have no right to inquire into the merits of the claim. The defendant's testimony is so general and his silence as to the exact nature of his defense, whether payment or the absence of any obligation to pay, so inscrutable that the referee had but little to act upon save the testimony of the plaintiff, which we cannot say that he was bound to discredit.

But we think that the learned court below and the referee failed to give proper effect to the defense of the Statute of Limitations. As to any claim that accrued to the plaintiff more than six years prior to the commencement of the action, that is to say prior to the 17th of February, 1887, the statute was, *prima facie*, a bar. In order to avoid this, in whole or in part, the plaintiff proved and the referee found that the defendant was in Europe from May 28, 1890, to November 23, 1892. It appears that he went to Europe frequently during the period covered by the plaintiff's claim, but on this occasion he was absent longer than usual. During all this time, and for many years before, the defendant had a residence and place of business in the city of New York, and on the bare proof that the defendant on this occasion went to Europe and remained absent for about two years and a half, the referee made a finding that he *resided* out of this state. Neither the evidence nor the finding discloses in what particular part of the world outside this state the defendant resided during his absence, and upon the assumption that he was a mere traveler, as he doubtless was, it would be impossible to do so.

Upon these facts it was found as a conclusion of law that the operation of the statute upon the plaintiff's cause of action was suspended during plaintiff's absence, under section 401 of the Code, which reads as follows:

" If after a cause of action has accrued against a person he departs from and resides without the state *and* remains continuously absent therefrom for the space of one year or more, *    *    *    the time of his absence *    *    *    is not a part of the time limited for the commencement of the action."

It will be observed that, in order to bring a case within this section, as amended in 1888, the defendant must depart from the state after the cause of action has accrued. He must also be not only continuously absent from the state for more than one year, but he must *reside* without the state. All these elements must concur in order to suspend the operation of the statute. The defendant, beyond all doubt, had a domicile and residence in the city of New York, and the only proof of residence out of the state that was before the referee was that he departed for Europe on a certain day and returned upon another, more than two years afterwards. He was certainly absent, but there was no other proof that during such absence he acquired a residence or resided elsewhere. The distinction between domicile and residence has no application to the case. It may not have been necessary for the plaintiff to show that the defendant had changed his domicile, but it was necessary to show that he resided without the state, and that fact was not established by mere proof of absence. A person who has a residence and domicile in this state, and departs as a traveler for business or pleasure in another country, does not by his absence acquire a residence or reside in that country. He must while so absent at least take up his temporary abode at some particular place with the intention of making it his home while so absent, and actually reside there. (*Dupuy* v. *Wurtz*, 53 N. Y. 556; *People* v. *Platt*, 117 N. Y. 159; *De Meli* v. *De Meli*, 120 N. Y. 485.)

Neither a residence or domicile is acquired by a mere visitor from this country traveling from place to place in Europe, all the time intending when the purpose of the journey is satisfied to return to his home here. So far as the record shows the defendant's absence was for no other purpose, and was not accompanied by any of the circumstances or conditions necessary to constitute residence elsewhere. While absent he was a mere sojourner in another country, or in many countries, but his residence in every legal sense of the term was in New York. Although he was not actually within the state for more than two years, the plaintiff's right

to serve process upon him was not for a moment suspended, since sections 435 and 438 of the Code provide for such a case. In order to bring the case within the statute the defendant must *reside* without the state, and we cannot perceive that the courts below have given any effect whatever to that word, since the decision proceeded upon the ground that absence was sufficient to suspend the operation of the statute. The residence of a party is presumed to be where his domicile is, though he may be temporarily absent, until some facts are shown to change the presumption, or to justify a finding that he has taken up another residence elsewhere. In this case no proof was given from which it could be found that the defendant resided at any other place than that of his domicile, and, hence, a material finding of the referee is unsupported by evidence. The statute, however, was not interposed as a defense to the whole claim, but only to that part of it in excess of the sum of $720, and to that extent only can the judgment be said to be erroneous.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate to reduce the recovery to $720, with interest from March 1, 1890, and, in that event, the judgment, as so modified, should be affirmed, without costs to either party.

All concur.

Judgment accordingly.