(26 Civ. Proc. R. 128; 19 Misc. Rep. 260.)

**BENNETT et al. v. WATSON et al.**

(Supreme Court, Trial Term, New York County. January, 1897.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE—RESIDENCE OUT OF STATE.

A person "resides without the state," so as to stop the running of the statute of limitations (Code Civ. Proc. § 401, before the amendment of 1896), where he closed his house in New York City, stored his furniture, and with his family went abroad to remain as long as his son's health required, and remained until his son's death, three years afterwards; staying in Switzerland during the summer months, and in the south of France or Italy in the winters.

Action by Daniel H. Bennett and others against Robert C. Watson and others. Judgment for plaintiffs.

J. Woolsey Shepard, for plaintiffs.
George C. Blanke, for defendant Watson.

DALY, J. The defendant Watson, being sued with his former copartner, Bartholow, for the balance of a firm indebtedness for borrowed money, interposes the defense of the statute of limitations. The cause of action accrued in October, 1885, and the summons was served upon Mr. Watson in May, 1894; but the plaintiff claims the benefit of that clause of the statute, as it stood during the period in

question, which provides that "if after a cause of action has accrued against a person, he departs from and resides without the state, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action." Code Civ. Proc. § 401, prior to the amendment of 1896. Before the expiration of six years from the time the cause of action accrued, namely, in June, 1890, Mr. Watson went to Europe, and remained there continuously for over three years, and, if that absence is to be deducted from the period first mentioned, the service of the summons upon him in May, 1894, was in time. He claims, however, that such absence is not to be deducted, because he was not then residing out of the state.

In construing the Code provision in question, the court of last resort has held that it is not enough to show that the defendant has remained continuously absent from the state. It must also be shown that he has during that time resided out of the state (Hart v. Kip, 148 N. Y. 309, 42 N. E. 712); and the defendant claims that his case falls within the rule just stated. In that case it appeared that the defendant was absent in Europe for two years and a half, but his whereabouts while there was not disclosed by the evidence, and it was assumed that he was traveling, either for business or pleasure, because during the whole of that time he had a house or place of residence in this city, and also maintained a place of business here, and the court said:

"The defendant, beyond all doubt, had a domicile and residence in the city of New York, and the only proof of residence out of the state that was before the referee was that he departed for Europe on a certain day, and returned upon another, more than two years afterwards. He was certainly absent, but there was no other proof that during such absence he acquired a residence or resided elsewhere. The distinction between domicile and residence has no application to the case. It may not have been necessary for the plaintiff to show that the defendant had changed his domicile, but it was necessary to show that he resided without the state, and that fact was not established by mere proof of absence. A person who has a residence and domicile in this state, and departs as a traveler for business or pleasure in another country, does not, by his absence, acquire a residence or reside in that country. He must, while so absent, at least take up his temporary abode at some particular place with the intention of making it his home while so absent, and actually reside there. Dupuy v. Wurtz, 53 N. Y. 556; People v. Platt, 117 N. Y. 159, 22 N. E. 937; De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996. Neither a residence nor domicile is acquired by a mere visitor from this country traveling from place to place in Europe, all the time intending, when the purpose of journey is satisfied, to return to his home here. So far as the record shows, the defendant's absence was for no other purpose, and was not accompanied by any of the circumstances or conditions necessary to constitute residence elsewhere. While absent, he was a mere sojourner in another country or in many countries, but his residence, in every legal sense of the term, was in New York."

In the present case it was shown—First, that the defendant had no residence or place of business in New York; and, second, that he did have a place or places of residence in Europe during the whole period of his absence. In 1889 he left the state, and went South with his son, who was an invalid, and at that time gave up his residence and stored his furniture. In 1890 he returned to the city, and put up at an hotel for two months, and then, a change of air having been ordered for his son, took him and his whole family

abroad, and there remained with them until his son died. He kept no place of residence in this state after he first left, in 1889, and until his return, in 1893. As to a place of business, he says that during all that time he had such a place, namely, in the office of the estate of William Watson, his father, at the corner of Franklin and Church streets, in the city of New York, but does not show that any business was or had been transacted by him or for him at that place. His firm had failed before he left the state, and it was not shown that he was engaged in any business afterwards.

Not only was it thus proved that he had no place of residence and carried on no business in this state while absent in Europe, but his places of residence in Europe were distinctly proved. He and his family stayed in Switzerland during the summer months, and in the south of France or in Italy during the winters, for the benefit of his son's health; and so he undoubtedly took up his residence in those places, and intended so to do. In no case was he traveling from place to place; and, so far as his intention affects the question of residence, that intention to return to New York was wholly contingent upon his son's health. If that required his remaining abroad, it was manifestly his intention not to return. His object in going abroad was a definite and practical one,—the restoration of his son's health,—and he intended to remain abroad for a period very definite in one sense, though indefinite and contingent in another. He took and kept his entire family with him, and was gone over three years, and the period spent in each place was considerable. The fact that he lived at hotels in each of these places is not important. After his return to New York from Florida, and again after his return from Europe, he lived at an hotel, and a residence can be as well acquired by living at an hotel as in any other way. In fact, he admits that, save in point of duration of stay, his method of living abroad was the same as that in New York since his return, and he claims to be a resident of the city. Upon the undisputed facts, I have no hesitation in saying that defendant resided out of the state during the absence in question, and that the time of such absence is not to be computed as part of the time limited for the commencement of an action against him. The service of the summons was therefore in time, and the defense of the statute of limitations is not sustained. Judgment for the plaintiffs, with costs.