from the objection that the award exceeded the demand of the answer, and was not supported in its extent by the proof. This counterclaim was for expense incurred by the Spearings in completing the work which the plaintiff had assumed to perform; and this expense, so far as the evidence shows that it was incurred for labor which was called for by the plaintiff's contract, was occasioned by the necessary employment of a carpenter's labor for five days, at the rate of $3.50 a day; in all, $17.50. Had the plaintiff completed the work, and thus become entitled to the agreed compensation, or had the defendants completed it for his account, the balance due him would have been considerably in excess of this sum; and while, for his nonperformance, he could not establish a right to that balance, the defendants' counterclaim of a lesser amount must be held to have failed with the failure of the contract out of which it arose. Walker v. Millard, 29 N. Y. 375; Woodward v. Fuller, supra.

Therefore the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the respondents Spearing shall within five days stipulate that the judgment be modified by striking out the provision for an affirmative recovery; and, as so modified, the judgment will be affirmed, without costs. All concur.

---

(21 Misc. Rep. 683.)

## SPERO v. LONG ISLAND R. CO.

### (Supreme Court, Appellate Term.   November 24, 1897.)

1. INJURY TO PASSENGER LANDING FROM FERRYBOAT.
   When a ferryboat enters its slip, and is fastened to the float or bridge, and the gates are thrown open for passengers to pass out, a given passenger is justified, if no gang plank is provided, in believing that the boat will remain against the float, and that the designated pathway will continue safe for its purposes.
2. SAME—NEGLIGENCE OF CARRIER.
   The backward impulse of a ferryboat, after it is fastened to the float, so as to leave a space in which a passenger's foot is caught while he is passing from the boat, is an occurrence which the owner of the boat is under a duty to avoid, or, if it was unavoidable, to explain by satisfactory evidence.

Appeal from Seventh district court.

Action by Gabriella Spero, an infant, by her guardian, against the Long Island Railroad Company. From a judgment of a justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alfred A. Gardner, for appellant.
Joseph I. Green, for respondent.

BISCHOFF, J.   The plaintiff, a child four years of age, attended by her father and mother, was a passenger upon a ferryboat operated by the defendant; and, upon the arrival of the boat at its dock, she was led towards the pier by her parents, they being on either side of her, and each holding one of her hands.   The gates of the boat were open, and many of the passengers had already disembarked when plaintiff, so attended, reached the point where the deck of the boat joined

the float or pier of the dock; but, while stepping over this point, the plaintiff was injured, through her foot being caught between the float and the end of the boat, which had moved sufficiently to leave a small space open in her path. Evidence of these facts, as given by the plaintiff's parents, was fully corroborated by a disinterested witness; and the defendant confined itself to an attempt of showing that the child's foot had been caught between the boat, when fast to the dock, and the end of a beam upon the float, which bounded the path used by passengers, running parallel to it. That the injury was so occasioned was a manifest impossibility if the evidence for the plaintiff was true, since one of her parents walked between her and this beam, as they proceeded along the path; and the justice was amply authorized to give this evidence the fullest credit. From the facts the conclusion is irresistible that the accident was caused solely by the defendant's negligence, without negligence upon the part of or imputable to the plaintiff. She was invited to leave the boat when it was assumedly fast to the float; and, from the defendant's failure to provide a gang plank, she was justified in believing that it would remain against the float, and that the designated pathway would continue safe for its purpose. Under the circumstances, also, negligence of the defendant was to be inferred from the backward impulse of the boat, which the duty of exercising reasonable diligence for the safety of its passengers rendered it incumbent upon the defendant to avoid; if unable to avoid, to explain by satisfactory evidence. The finding of negligence is not based solely upon the happening of the accident, as the appellant contends, but is supported by proof of the cause of that accident, and thus of negligence, in view of the nature of the cause.

The judgment should be affirmed, with costs. All concur.