(Surrogate's Court, New York County. December, 1899.)

WILLS—PROBATE—JURISDICTION—RESIDENCE—EVIDENCE.

　　Testator was not a resident of New York county, so as to give the surrogate court thereof jurisdiction of the probate of his will, where, being a resident of P., and his wife refusing to tolerate his presence in her house because of his intemperate habits, she arranged for his board at 29 West Twenty-Fifth street, in New York City, where he went in March,

1894, and remained until April 15, 1895, being in the meantime on probation till April 1, 1895, she having, when she despaired of his reform, and brought action for separation, been willing to have him live with her if he abandoned his intemperate habits, he having on said April 15th left said house, sojourned for a week or so at a time at various places in the city, spent a couple months in another state, and then returned to P., where he died in October, though in his typewritten will. dated April 27, 1895, he is described as "now residing" at No. 29 West Twenty-Fifth street, the will partly having for its purpose the securing of assignments of his interest in a trust fund, they being dated February 28, 1895, and he being described therein as of P., and his affidavits thereto reciting, "I reside at No. 29 West Twenty-Fifth street. * * * My permanent residence is at P."

In the matter of the probate of the will of Henry B. Brant, deceased. Proceedings dismissed.

John C. Coleman, for proponent.
John D. Townsend, for contestant.
Warren W. Foster, in pro. per.
Peter Condon, special guardian.

VARNUM, S. In this matter a trial was had before Mr. Surrogate Arnold, who, at the termination thereof, filed an opinion or memorandum to the effect that the will should be admitted to probate. Upon the settlement of the decree, however, the contestant raised the question of the jurisdiction of this court to take any action in the premises, contending that the decedent was not a resident of this county, but of Piermont, in Rockland county. Of course, upon his residence here our jurisdiction must rest. Code Civ. Proc. § 2476. And the mere fact that the parties consented to proceed with the trial without raising it does not confer such jurisdiction. In re Walker, 136 N. Y. 20, 29, 32 N. E. 633. The case has recently been resubmitted to me, principally to have this question passed upon, and, owing to the views hereinafter expressed, no other question raised need be considered. I could not, it would seem, enter a decision or decree on the opinion of Surrogate Arnold (In re McCue, 17 Wkly. Dig. 501, cited with apparent approval in Re Carey, 24 App. Div. 533, 49 N. Y. Supp. 32), and hence was obliged to examine the evidence, and form my own opinion thereon. It is conceded that prior to the spring of 1894 decedent was a resident of Piermont, aforesaid. In March of that year, however, he came to New York City, and took board and lodging with a Mrs. Cooke, in Twenty-Fifth street, where he remained until April, 1895, leaving there only for short trips to Piermont and elsewhere. It would seem, therefore, that he was physically present in New York county a sufficient time to acquire a residence here, if that were his intention. In such case residence is, of course, a matter of intention, and is a question of fact. Dupuy v. Wurtz, 53 N. Y. 556, is the leading case on this point, and in this connection it must be remembered that the residence in Piermont remains the residence of the decedent until another is acquired. Dupuy v. Wurtz, supra; Hart v. Kip, 148 N. Y. 306, 42 N. E. 712; In re Stover, 4 Redf. Sur. 82, 85. Under these circumstances, let us see what evidence we have as to decedent's intention. It appears that the reason he first went to Mrs. Cooke's is that he had become so intemperate that his wife, the

contestant, would not tolerate his presence in the house he had given her at Piermont, and had, therefore, arranged that he should board in Twenty-Fifth street, at her expense. It would almost seem from this alone that the arrangement was but temporary, and I find indications that during most of the period that decedent was at Mrs. Cooke's he was, so to speak, on probation. If he abandoned his intemperate habits, the contestant, down to about April 1, 1895, was apparently willing to have him live with her again. She testifies that she was friendly with him up to about that time, and had hoped for his reformation. After that date she despaired of this, and brought the action for a separation, which was pending at his death. Unless, however, he had acquired a residence in this county by April, 1895, he never acquired one, for about the 15th of that month he left Mrs. Cooke's house, and, after sojourning for a week or so at a time at various places in this city, went to Greenwood Lake, N. J. He spent most of June and part of July, 1895, there, and thence went to Piermont, his old home, where he remained until he died, on October 16, 1895. The foregoing circumstances, perhaps, would not justify a finding that the deceased did not reside in this county, especially since such a finding renders nugatory all that has been heretofore done in this proceeding,—a result I must regret. But not all the evidence need be mentioned which I think establishes the decedent's intention not to abandon his Piermont residence. I shall simply refer to the recital in the will on the one hand and to certain very strong documentary evidence on the other. In the will offered for probate the decedent describes himself as "now residing at No. 29 West Twenty-Fifth street, in the city of New York," and this is undoubtedly a circumstance of weight. If the will were holographic, it might be conclusive. In re Stover, 4 Redf. Sur. 82. This will, however, is typewritten, and was prepared by an attorney, and, so far as I can discover, there is no evidence that he had any particular instructions from decedent on this point, or that decedent's attention was particularly called thereto, though it is said that the latter read the will over, assisting in comparing it with the rough draft. The date of this will was April 27, 1895, and it partly had for its purpose to secure two assignments of decedent's interest in a certain trust fund. These assignments are in evidence, and were dated, and apparently executed, on February 28, 1895, and April 16, 1895, respectively, and both describe the decedent as of "Piermont, New York." Furthermore, both were drawn by the same attorney who drew the will, and really constituted part of the same transaction, as already intimated. The assignments, in my opinion, furnish as strong proof in one direction of decedent's intention as does the will in the other. But at the time of making each assignment the decedent also, as part of the same transaction, made an affidavit; one verified February 26, 1895, the other, April 16, 1895. These also were drawn by the same attorney, and in each of them decedent says: "I reside at No. 29 West Twenty-Fifth street, in the city of New York. My permanent residence is at Piermont, New York." This, I believe, shows the true intention of the testator, and, if so, his residence, for the purposes of jurisdiction on his estate, was Piermont, for by

the 16th of April, according to the evidence, he had left the Twenty-Fifth street house; and, as I have explained, if he had not acquired a residence in this county before that, he never acquired one. It is almost unnecessary to say that statements in an affidavit are ordinarily read with more care by laymen than recitals in an assignment or deed, or even in a will. I feel compelled, therefore, to dismiss this proceeding for lack of jurisdiction.

Proceeding dismissed.