(Surrogate's Court, Rensselaer County. April, 1903.)

1. PROBATE OF WILL—RESIDENCE OF TESTATOR.

Testator, a resident of T. for over 40 years, went to S. in April, and made a will there in June, in which he was described as of T., and in August made another will, in which he was described as of S. He expressed to several persons an intention of living in S. for the rest of his life, and requested accommodations for the winter. He died there in September. *Held*, that he died a resident of S.

In the matter of the will of Michael Golden, deceased. Probate denied.

Cornelius Hannan, for executor and petitioner.
Hiram C. Todd, for executor of subsequent will.
F. A. Chew, for heirs at law and next of kin.

HEATON, S. This is an application for the probate of the alleged will of deceased, made in June, 1902. On the return of the citation Thomas Healy, of Saratoga Springs, N. Y., appeared, and asked to have the petition dismissed upon the ground that he was the executor named in an alleged will of deceased executed in August, 1902, which had been offered for probate in Saratoga county, which county he claimed was the place of residence of Mr. Golden at the time of his death in September, 1902. The residence of the testator being thus brought in question, testimony was, therefore, taken upon such issue.

It is admitted that up to April 19, 1902, and for more than 40 years prior thereto, Mr. Golden had been a resident of the city of Troy; that he was upwards of 80 years old, and that the last one of his immediate family, a son, had died in Troy about February, 1902, and that in the following month he had sold his real estate, and shortly after that his household furniture, excepting one bed and lounge; that he had his money on deposit in Troy; that he had made arrangements for living there and at any future time with a former tenant of his house, who had cared for him and his rooms for several years. For 25 years Mr. Golden had been spending his summers in Saratoga, and for the prior 8 or 10 years he had boarded, when there, with Mrs. Healy. Just before April 19th he sent for Mrs. Healy to

come for him, and on that day they went to Saratoga, where he remained at her house until he died. His residence, once established in Troy, remained there until he had made another. As he lived in Saratoga for five months, the only question is whether he intended to change his residence from Troy to Saratoga. There is no evidence that when he left Troy, April 19th, he intended to abandon Troy as a home, and change his residence to Saratoga; so, if he did intend to make such change, his intention must be found in his subsequent acts, which principally were as follows: Requesting and paying for an addition to the Healy house, so that he might have more room and more comforts; removing his money from a Troy bank to a Saratoga bank; conversations with several persons, in which he expressed an intention of spending the rest of his days in Saratoga; making the August will, which recited his residence as being in Saratoga; and making Mrs. Healy the sole beneficiary on condition that she should care for him the balance of his life. As against these expressions of intention we have the conversations with Mr. Hannan and Mr. Kennedy at the time of making the June will, and the recitation in such will that his residence was Troy. The statements of residence in a holographic will are entitled to great weight, but in one prepared by an attorney, where he inserts the place of residence as in part a matter of form, such statement is not controlling. Matter of Brant, 30 Misc. Rep. 14, 62 N. Y. Supp. 997. But the statement in the August will that Mrs. Healy should have the entire estate upon condition that she should care for him the balance of his life shows almost conclusively that Mr. Golden had at that time determined to live in Saratoga until he died. Whatever may have been his intention when he made the former will in June, and even at a late day, almost his last act on August 27th was to express his intention to live in Saratoga, and be cared for by Mrs. Healy, as long as he should live. Another strong expression of intention to change his residence is found in his requesting and paying for an addition to the Healy home, so that he could have a warm and comfortable room, which would seem to indicate an intention to occupy such room in the winter season. While the question of intention is often a difficult one to determine, the evidence in this case warrants no other conclusion than that Michael Golden was at the time of his death a resident of the county of Saratoga. Proceeding dismissed, with leave to withdraw the June will from the custody of the court.

Proceeding dismissed.