TAYLOR v. NORRIS.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

ACTIONS—RESIDENCE OF PLAINTIFF—SECURITY FOR COSTS.

Where plaintiff had been domiciled within the state for a considerable period before the action, but at that time she was temporarily sojourning with an uncle in New Jersey for treatment for injuries, she having left her household effects in New York, and having actually returned to live there before the determination of a motion to compel her to give security for costs, she was not a nonresident, within Code Civ. Proc. § 3268, subd. 1, requiring a person residing without the state at the commencement of the action to give such security.

Appeal from Special Term, Kings County.

Action by Martha Taylor against Edward Norris. From an order vacating a prior order requiring plaintiff to give security for costs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Henry Sillcocks (Robert S. Fletcher, on the brief), for appellant. Edward A. Richards, for respondent.

HIRSCHBERG, P. J. The plaintiff sued the defendant on the 21st day of October, 1904, to recover damages for assault and

battery. On the 2d day of November, 1904, the defendant obtained an ex parte order requiring the plaintiff to give security for costs on the ground that she was at the time of the commencement of the action "a person residing without the state," within the meaning of subdivision 1 of section 3268 of the Code of Civil Procedure. On a motion to vacate this order it appeared that the plaintiff was domiciled· in this state at the time of the commencement of this action and for a considerable prior period, having a residence in the borough of Brooklyn, but that for a few weeks, in order to receive care for her injuries, she had been stopping temporarily with an uncle in Jersey City, and that such sojourn included the date when the action 'was commenced. Her household effects remained at her residence in Brooklyn, and she had returned to actually live in Brooklyn before the determination of the motion.

I think the order was properly vacated. While the question of domicile is not necessarily controlling, and a residence may be. acquired, within the meaning of the statute, other than at the place of domicile, I do not think that the mere fact of being out of the state temporarily constitutes the individual a nonresident. In the cases cited by the appellant there was something more than mere absence under such circumstances as induced the plaintiff to visit at her uncle's house for treatment. The doctrine of such cases, in so far as they hold that absence from the state is the equivalent of nonresidence, has been overthrown, to that extent at least, by the decision of the Court of Appeals in Hart v. Kip, 148 N. Y. 306, 42 N. E. 712, in construing a provision of the Code of Civil Procedure similar in terms to the one under consideration herein, viz., that provision of section 401 which then provided for a suspension of the statute of limitations where, after a cause of action has accrued against a person, he departs from and resides without the state, etc. The court said (page 310 of 148 N. Y., page 713 of 42 N. E.):

"In order to bring the case within the statute, the defendant must 'reside· without the state; and we cannot perceive that the courts below have given any effect whatever to that word, since the decision proceeded upon the ground that absence was sufficient to suspend the operation of the statute. The residence of a party is presumed to be where his domicile is, though he may be temporarily absent, until some facts are shown to change the presumption, or to justify a finding that he has taken up another residence elsewhere."

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.