LYDIA PETERS, DEFENDANT IN ERROR, v. PHILADELPHIA AND CAMDEN FERRY COMPANY, PLAINTIFF IN ERROR.

Submitted December 7, 1908—Decided March 1, 1909.

1. Where the evidence tends to show that the plaintiff, a passenger on the ferry-boat of the defendant, was injured by a fall sustained by reason of the lateral movement of the gang-plank. furnished for the exit of passengers, on which she was walking, which lateral movement was rendered possible by the insecure manner in which the boat was moored, and was caused by a lurch of the boat occasioned either by the action of the tide or the boat's machinery, the question of the negligence of the defendant is for the jury.

2. The evidence tended to show that the plaintiff, a passenger, was invited to leave defendant's ferry-boat by using a gang-plank five feet wide furnished by defendant's servants and serving as a bridge over an eighteen-inch wide space between the boat and the dock, and that while walking in the train of others along the middle of the plank she was thrown by a lateral movement of the plank. *Held,* that a motion to nonsuit on the ground of contributory negligence was properly refused.

On error to the Camden County Circuit Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings under review a judgment entered in the Camden County Circuit Court upon the verdict of a jury in favor of the plaintiff below.

The action was brought by Mrs. Peters to recover damages resulting from a fall sustained by her while crossing a gang-plank from a ferry-boat to the ferry-house of the defendant company in Camden on the evening of December 25th, 1906.

The evidence tended to show that the plaintiff's fall was caused by a lateral movement of the plank.

At the end of the plaintiff's case a motion for a nonsuit was made on the grounds—*first,* that the company was under no legal duty to so moor the ferry-boat that it would be free from motion or sway; *second,* that the plaintiff on previous occasions had made the passage by similar gang-planks, and was familiar with their customary use, and *third,* that the place was one of obvious danger, and the invitation to her to pass that way did not absolve her from the exercise of care on her part.

At the close of the case the defendant moved for a direction of a verdict on the ground that there was no proof of negligence upon the part of the defendant.

These motions were both denied and error is assigned thereon.

We think the question of the negligence of the defendant was for the jury.

When the motions were made there was evidence tending to show that because of the presence of ice or for some other reason the boat was not brought up snug to the slip. It was undisputed that the gang-plank was furnished by the agents of the defendant company and was used as a bridge for the passengers from the boat to the dock, and that the gang-plank was not supplied with side rails or other guard to prevent passengers from falling off. The evidence tended to show that there was no usher or deck hand to aid passengers in crossing the gang-plank. The gang-plank was five or six feet wide, and the space between the boat and the slip was about eighteen inches. The plaintiff, who was unencumbered with hand baggage or anything of the sort, started off the boat over the plank in the train of passengers, walking in the middle of the plank, and, after going half or a little more than half the distance across it, there was a sidewise motion of the plank caused by a lurch of the boat, attributable either to the tide or to the action of the boat's machinery, that caused the plaintiff to fall towards the left, so that she was bruised about the face and her left leg was caught and injured between the boat and the slip.

It thus appears that the jury was entirely justified in finding that the plaintiff's fall was occasioned by the lateral motion of the gang-plank, caused by the lurch of the boat, that in turn was caused either by the action of the tide or of the boat's machinery.

The defendant company, being a common carrier of passengers, was bound to use a high degree of care to protect the plaintiff, a passenger, from danger that foresight could anticipate. *Hansen* v. *North Jersey Street Railway Co.,* 35 *Vroom* 686.

As was pointed out in that case, by foresight is meant, not foreknowledge absolute, nor that exactly such an accident as has happened was expected or apprehended, but rather that the characteristics of the accident are such that it can be

classified among events that, without due care, are likely to occur and that due care would prevent.

The company was therefore under a duty to the plaintiff to foresee the probability of such action of the tide, or the probability of such a result of the action of the tide, and to exercise that high degree of care for her safety that the law imposes upon it in view of the existence and action of the tide as well as of the boat's machinery. This, it was legitimate for the jury to find under the evidence the company did not do, in view of the testimony as to the manner in which the boat was moored. *Ferris* v. *Union Ferry Co.,* 36 *N. Y.* 312; *Croft* v. *Northwestern Steamship Co.,* 20 *Wash.* 175; *Race* v. *Union Ferry Co.,* 138 *N. Y.* 644; *Spero* v. *Long Island Railroad Co.,* 21 *Misc.* (*N. Y.*) 683; *S. C.,* 47 *N. Y. Supp.* 1093.

Clearly, too, the alleged contributory negligence of the plaintiff was properly submitted to the jury.

We do not perceive, nor has the defendant pointed out, any negligence on the part of the plaintiff. The fact that she had used ferry-boats and similar gang-planks before was immaterial. She was invited, with others, to leave the boat by the gang-plank used, and was justified in assuming that the boat was fastened and would remain so long enough for her to make the exit in safety. She was walking along the middle of the plank provided, and the evidence fails to disclose any want of care on her part. *New Jersey Railroad Co.* v. *Palmer,* 4 *Vroom* 90; *Ferris* v. *Union Ferry Co.,* 36 *N. Y.* 312.

Both the motion to nonsuit and to direct a verdict were therefore properly refused.

What we have said in dealing with these motions disposes of all other assignments of error argued.

The result is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—MINTURN, J. 1.