Judgment reversed, and new trial ordered, with costs to abide event.

---

EARNEST R. BALL, Plaintiff, *v.* GEORGE HOWARD RANDALL and RALPH RANDALL, Defendants.

(County Court, Nassau County, October, 1914.)

Domicile — absence not equivalent to non-residence — Code Civ. Pro., § 3269 — security for costs.

  Absence is not equivalent to non-residence, and where it appears that when an action was commenced both the domicile and the residence of plaintiff were in Nassau county where the venue was laid, and it is not questioned that his domicile is still there, the fact that he has seen fit to close his place of residence in said county and to sojourn in the city of New York and other cities for a time for the purpose of attending to his business does not make him a non-resident of the county in which the action is brought, and a motion to compel him to give security for costs under section 3269 of the Code of Civil Procedure will be denied.

MOTION for security for costs on the ground that since the commencement of this action plaintiff has ceased to be a resident of the county of Nassau.

Maxson & Jones (Henry L. Maxson, of counsel), for motion.

Elvin N. Edwards opposed.

NIEMANN, J.   The plaintiff makes the following statement in his affidavit submitted in opposition to this motion, upon the question of his residence:

" That at the time of the collision as aforesaid, the plaintiff was a resident of the village of Freeport, Nassau County, N. Y., residing on Ray Street, in said village.   That on the first day of September, 1914, he closed up his Ray Street house on account of his business, which is that of a theatrical man, because at no time during the winter can plaintiff tell just where he will be.   Deponent, therefore, can have no permanent residence, until the late spring of 1915, when he expects to reopen his. home in the village of Freeport, as aforesaid.   Deponent further says that Freeport is the only place where he has any residence.   That while stopping in New York City he stays at the University Hotel, at No. 106 West 47th Street, just the same as he would stay at other hotels in large cities on his theatrical circuit, but deponent cannot call any place except Freeport his permanent home, because Freeport is the only place at which he has within the last year stayed for a longer period than one month at any one time.   *   *   *   That deponent maintains no permanent New York City address, but stops at hotels as the occasion arises for stopping in New York City or any other city."

If the foregoing statements are to be taken as true (and there is no denial made of them and no reason for questioning their truth) the plaintiff has a place of residence in Nassau county.   The fact that he has, for the purpose of attending to his business, seen fit

to close up his house at Freeport and to sojourn in the city of New York and other cities for a time, does not make him a nonresident of the county. I am not losing sight of the fact that there is a difference in meaning between the terms "*domicile*" and "*residence*" (*Briggs* v. *Rochester,* 16 Gray, 337, 340; *Matter of Wrigley,* 8 Wend. 134, 140; *Burrill* v. *Jewett,* 2 Robt. 701, 702; *Bartlett* v. *City of New York,* 5 Sandf. 44); and that a man may have his domicile in one place and his actual residence in another. *Frost* v. *Brisbin,* 19 Wend. 13; *Liscomb* v. *New Jersey R. R. & T. Co.,* 6 Lans. 75; *Campbell* v. *Campbell,* 90 Hun, 233; *Eaves Costume Co.* v. *Pratt,* 2 Misc. Rep. 420. Also, "that a man may be a resident of two places at one and the same time, and that to establish a residence requires a less permanent abode than to give a domicile or even to create an inhabitance," *Bell* v. *Pierce,* 51 N. Y. 12; *Union Hotel Co.* v. *Hersee,* 79 id. 455, 462. This is illustrated by the cases of *Douglass* v. *City of New York,* 2 Duer, 110, and *Bartlett* v. *City of New York, supra,* where it was held that a man may have several places of residence occupied by him at different seasons of the year. It follows that the plaintiff could have his domicile and a summer residence at Freeport and that he could also have a residence in the city of New York or elsewhere in the winter; but there is no proof that he has actually acquired any other or additional residence. According to the plaintiff's affidavit, his home or domicile is at Freeport, and it must be presumed that his residence is where his domicile is, unless there is proof that he has a residence at a place other than his domicile. It is not disputed that when this action was commenced both the domicile and the residence of plaintiff were at Freeport in this county, and it is not questioned that his domicile is still there, but the claim is made that be-

cause he has closed up his home at Freeport and has gone to the city of New York and other cities in furtherance of his business and does not expect to return to Freeport until next spring he has ceased to be a resident of the county.

It is true that the plaintiff is physically absent from the county, but this does not make him a non-resident of the county. It is well settled by authority that *absence* is not equivalent to *non-residence*. *Hart* v. *Kip*, 148 N. Y. 306; *People* v. *Platt*, 117 id. 160; *Taylor* v. *Norris*, 104 App. Div. 21.

This distinction is clearly stated by Mr. Justice Hirschberg, writing for the court, in *Taylor* v. *Norris*, *supra*, where he states the controlling rule as follows (p. 22): " While the question of domicile is not necessarily controlling and a residence may be acquired within the meaning of the statute other than at the place of domicile, I cannot think that the mere fact of being out of the State temporarily constitutes the individual a non-resident. In the cases cited by the appellant there was something more than mere absence under such circumstances as induced the plaintiff to visit at her uncle's house for treatment. The doctrine of such cases in so far as they hold that absence from the State is the equivalent of non-residence has been overthrown, to that extent at least, by the decision of the Court of Appeals in *Hart* v. *Kip* (148 N. Y. 306), in construing a provision of the Code of Civil Procedure similar in terms to the one under consideration herein, viz., that provision of section 401 which then provided for a suspension of the Statute of Limitations where, after a cause of action has accrued against a person, he departs from and resides without the State, etc. (See Laws of 1888, chap. 498.) The court said (p. 310): ' In order to bring the case within the statute the defendant must *reside* without

the State, and we cannot perceive that the courts below have given any effect whatever to that word, since the decision proceeded upon the ground that absence was sufficient to suspend the operation of the statute. The residence of a party is presumed to be where his domicile is, though he may be temporarily absent, until some facts are shown to change the presumption or to justify a finding that he has taken up another residence elsewhere.' "

I do not find from the evidence submitted on this motion that the plaintiff has acquired a residence in the city of New York or anywhere else outside of Nassau county. It appears that he is not located for any length of time at any one place. He does not keep house anywhere, but stops at hotels and is in a migratory state, going to various cities or places to which his business may call him and stopping there for short periods of time. Can it be said that a man who is thus situated loses the benefit of his residence and must give security for costs in order to maintain an action in the courts of his home county? If mere absence constituted non-residence within the meaning or spirit of these sections of the Code, any resident of a county who brings an action in the County Court and during its pendency is called away on a business trip, or on a journey in search of health or to spend a vacation, could be held to have ceased to be a resident of such county and be compelled to give security for costs the same as any stranger. Under the construction of the section of the Code here in question made in the case of *Taylor* v. *Norris, supra,* which is a controlling authority in this department and is in thorough accord with the rule of construction laid down by the Court of Appeals, this motion must be denied, with ten dollars costs to the plaintiff to abide the event.

**Motion** denied, with ten dollars costs to abide event.